**BITUMINOUS CASUALTY CORPORATION,**
**Appellant,**

v.

**Edd LEWIS, Appellee.**

Supreme Court of Tennessee.

June 21, 1976.

O'Neil, Parker & Williamson, Knoxville, for appellant.

Ray A. Stegall, Knoxville, Earl Cole, Barbourville, Gault & Stegall, Knoxville, for appellee.

Milton P. Rice, Special Counsel, Nashville, on amicus curiae brief for the National Life and Accident Insurance Company; Robins H. Ledyard, General Counsel, Nashville, of counsel.

COOPER, Chief Justice.

## OPINION

This is a workmen's compensation action in which the appellee was awarded benefits for permanent total disability resulting from pneumoconiosis, an occupational disease listed in T.C.A. section 50–1101. Appellant insists there is no evidence that appellee's disease was caused by his employment with appellant's insured, Kopper Glo Fuels, Inc. Appellant also insists that appellee failed to give notice of disability as required by statute, and that appellee's claim for benefits is barred by the statutory limitation on claims for occupational diseases.

Section 50–1106, T.C.A. provides that:

"When an employee has an occupational disease that is covered by the Workmen's Compensation Law, *the employer in whose employment he was last injuriously exposed to the hazards of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor*, without right to contribution from any prior employer or insurance carrier." (Emphasis supplied.)

As was pointed out in *Tennessee Tufting Co. v. Potter*, 206 Tenn. 620, 337 S.W.2d 601 (1960),

"The purpose of the statute was to fix a definite time for determining which employer and insurer is liable, and to avoid inquiry as to when the disease, its cause or causes, or the resulting temporary disability, came into existence, which are often questions too difficult, uncertain, or speculative, to admit of satisfactory proof."

Appellee, now fifty-two years of age, worked as a coal miner in underground mines for most of his adult life. His last employer was Kopper Glo, where he worked on the surface at the tipple near the coal crusher. According to appellee, his work with Kopper Glo exposed him to a continual and heavy concentration of coal dust "boiling" up from the crusher. Appellee quit his job on April 1, 1969, because he was "smothering" and could not hold out to do a day's work at the tipple. Since quitting Kopper Glo, appellee has not been exposed to coal dust.

Appellee was treated by Dr. Joseph Fox for a mental aberration or depression in July, 1972.

On December 20, 1972, appellee was examined generally by Dr. Fox and learned at that time that he had a chronic obstructive lung disease, probably due to exposure to coal dust. Dr. Fox filed a report of his examination with the Division of Disability Determination in Frankfort, Kentucky, in support of a claim by appellee for "black lung" disability benefits. The claim was denied.

In September, 1973, appellee was examined by Dr. B. H. Wells and Dr. Boyce E. Jones, both of whom found that appellee had coal worker's pneumoconiosis and from his work history, that he had it at the time he terminated his employment at Kopper Glo. The doctors further testified that the disease was progressive, and that the appellee was, at the time of their examinations, totally and permanently disabled.

Appellee notified Kopper Glo of the work-connected disability by letter dated September 25, 1973, and further gave notice that he was claiming workmen's compensation benefits from appellant's insured. The action to recover benefits was filed on September 5, 1974.

The chancellor found, and there is material evidence to support his findings, that appellee is totally and permanently disabled from coal workers' pneumoconiosis and that he knew or should have known of his disability and its cause on December 20, 1972, when he was examined by Dr. Fox. The chancellor further found that appellee was last injuriously exposed to the hazards of the disease when he was working for Kopper Glo. These findings made appellant liable for payment to appellee of workmen's compensation benefits (T.C.A. 50–1106), provided appellee prosecuted his claim for benefits properly.

T.C.A. 50–1107, the notice statute, provides that:

"Within thirty (30) days after the first distinct manifestation of an occupational disease the employee, or some one in his behalf, shall give written notice thereof to the employer in the same manner as is provided in the case of a compensable accidental injury.

"*This section shall not apply to claims for total disability or death due to coal worker's pneumoconiosis.*" (That part of the statute emphasized became effective July 1, 1972.)

The limitation statute, T.C.A. 50–1108, provides that:

"The right to compensation for occupational disease shall be forever barred unless suit therefor is commenced within one (1) year after the beginning of the incapacity for work resulting from an occupational disease, and if death results from the occupational disease, unless a suit therefor be commenced within one (1) year thereafter; * * *

"*A claim for benefits or death due to coal worker's pneumoconiosis shall be timely filed if such claim is filed within three (3) years of the discovery of total disability or the date of such death as the case may be.*" (That part of the statute emphasized became effective July 1, 1972.)

Appellant insists that appellee's claim for benefits is controlled by the notice and limitation statutes in effect in 1969, when appellant left the employ of Kopper Glo. From this, appellant argues that since appellee did not give notice within thirty (30) days and file suit within one year from December 20, 1972—the date the chancellor found that appellee knew or should have known of his incapacity from coal worker's pneumoconiosis—appellee is barred from workmen's compensation benefits. The chancellor rejected this argument and held that appellee had properly processed his claim for benefits. We agree with the chancellor's holding. The controlling statutes on notice and limitation of actions were those in effect when appellee's cause of action became complete. This occurred when his occupational disease of coal worker's pneumoconiosis, which is a progressive disease, manifested itself to such a degree that appellee knew or should have known that his incapacity to work was due to the occupational disease. *Cf. Imperial Shirt Corp. v. Jenkins*, 217 Tenn. 602, 399 S.W.2d 757 (1966); *Reed v. Genesco, Inc.*, 512 S.W.2d 1 (Tenn.1974). *See also* Annotation,

Limitation—Enlarging Period 79 A.L.R.2d 1100, § 11. The chancellor found that the appellee knew or should have known of his incapacity from an occupational disease on December 20, 1972. Under the statute in effect at that time, appellee was not required to give his employer notice of disability, and had three years within which to bring an action for benefits. The appellee brought his action within the required time.

Decree affirmed. Costs incident to the appeal are adjudged against Bituminous Casualty Corporation and its surety.

FONES, HENRY, BROCK and HARBISON, JJ., concur.