**NORTON COMPANY and Liberty Mutual Insurance Company, Appellants,**

v.

**William E. COFFIN, Appellee.**

Supreme Court of Tennessee.

July 25, 1977.

Thomas, Leitner, Mann, Warner & Owens, Chattanooga, for appellants.

Walter L. Lusk, Lusk, Smith & Heck, Chattanooga, for appellee.

## OPINION

BROCK, Justice.

This is a workmen's compensation case.

The employer, Norton Company, and its insurer, Liberty Mutual Insurance Company, appeal from the decree of the trial court awarding benefits to the employee. We are to determine whether or not the trial court erred in concluding that the action was not barred by the one year statute of limitations, T.C.A., § 50–1003, and that the plaintiff, employee, had complied with the notice requirements of T.C.A., § 50–1001.

Plaintiff was, at all times material to this case, the manager of Norton Company's plant in Chattanooga and was its highest ranking official there. His superiors were in Ohio. Liberty Mutual insured Norton's workmen's compensation liability.

Mr. Coffin, plaintiff, received an injury by accident arising out of and in the course of his employment on April 23, 1970, when he "hopped down" from a 32″ wall onto a concrete slab floor while inspecting a construction project on the employer's plant property in Chattanooga. He immediately felt a sharp pain in his left hip but did not consider it to be of any serious moment. He was bothered by pain in the hip area off and on, and sought the aid of a chiropractor on June 5, 1970, who diagnosed his problem as a recurrence of a "whiplash" injury suffered about ten years earlier. He continued to be treated by the chiropractor for about six months until, finally, on June 8, 1971, he sought the aid of Dr. Shelton and Dr. Frye, orthopedic surgeons in Chattanooga. From them he learned that he had suffered a hairline fracture of the head of the left femur in the episode of April 23, 1970, which had resulted in avascular necrosis of the left hip joint. These physicians had the plaintiff to enter a hospital and to undergo traction and other therapy there from July 25, 1971, to July 30, 1971. He was required to use crutches from the time of his release from the hospital until October 5, 1973.

Plaintiff was regularly treated by Drs. Shelton and Frye from June 8, 1971, until the time of trial of this case in 1976. However, he continued to perform his duties until the employer terminated his employment on January 18, 1974. He filed this suit on May 13, 1974, more than four years after the accident of April 23, 1970.

The applicable statute is T.C.A., § 50–1003, which provides:

"*Limitation of time.*—The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50–1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by § 50–1024."

Important gloss has been added to the statute by decisions of this Court, two of which are particularly pertinent here, viz., *Imperial Shirt Corp. v. Jenkins*, 217 Tenn. 602, 399 S.W.2d 757 (1966) and *Fields v. Lowe Furniture Corp.*, 220 Tenn. 212, 415 S.W.2d 340 (1967).

*Imperial Shirt* is the first of several decisions establishing the rule that the running of the statute of limitations is suspended until by reasonable care and diligence it is discoverable and apparent that an injury compensable under the workmen's compensation laws has been sustained. Accord *Murray Ohio Manufacturing Co. v. Vines*, Tenn., 498 S.W.2d 897 (1973); *Union Carbide Corp., Food Products Div. v. Cannon*, Tenn., 523 S.W.2d 360 (1975).

*Fields* holds that "voluntary payments of compensation" by the employer or his insurer which will toll the running of the statute of limitations under the savings proviso of the statute may consist of the furnishing of medical services through physicians or oth-

ers employed by the employer or his insurer and that, in such cases, the statute will not begin to run until such medical services are terminated, i. e., the date of the last services thus furnished, rather than the date of payment for such services.[1]

Applying the statute as thus interpreted, we hold that the trial court was correct in concluding that this action is not barred by the statute of limitations. We do not agree with his conclusion that defendants are precluded from relying upon the limitations statute by reason of equitable estoppel; but, we do conclude that the evidence shows that the one year period of limitations had not run prior to the filing of this suit.

■ First, we find adequate evidence, above stated, to support the finding of the trial court that the statute did not begin to run until June 8, 1971, when plaintiff first "discovered" within the rule of *Imperial Shirt, supra*, that he had suffered a compensable injury in the accident of April 23, 1970.

The evidence further shows that within one year of plaintiff's discovery of injury the defendants made "voluntary payments of compensation" which tolled the running of the statute under the savings proviso of T.C.A., § 50–1003. Thus, on July 19, 1971, the insurer, Liberty Mutual, paid Dr. Frye $51.00 for services to plaintiff; on September 9, 1971, Liberty Mutual paid $289.50 to Erlanger Hospital for services rendered in treatment of plaintiff's injury. Then, on November 17, 1971, Liberty Mutual wrote a letter to Drs. Shelton and Frye whereby the insurer not only ratified plaintiff's employment of those physicians up to that point, but went further and employed them *on its own account* to render future medical services in the treatment of plaintiff's injury until completion. That letter was addressed to Dr. Frye and is as follows:

"Re: William E. Coffin—Norton Co. C 553/30123

"Dear Doctor:

"We enclose Surgeon's Report and Bill Forms on the above-named case. Kindly send us your preliminary report, using the Surgeon's Report Form, by return mail. The Bill Form is for your convenience and should be sent in at the time the patient is discharged from further treatment.

"Your cooperation in sending a report by return mail will assist us in giving prompt attention to the patient's case.
Very truly yours,
Patricia Domingue (s)
Claims Department"

Pursuant to the arrangement thus made, Drs. Shelton and Frye rendered treatment to plaintiff on January 21, 1972, February 29, 1972, May 2, 1972, August 7, 1972, December 22, 1972, April 3, 1973, July 3, 1973, October 5, 1973, January 29, 1974 and April 25, 1974. Furthermore, Liberty Mutual requested and received from Drs. Frye and Shelton periodic written reports of their treatment of plaintiff which were rendered on February 2, 1972, May 3, 1972, August 8, 1972, April 5, 1973, October 11, 1973 and January 15, 1974.

■ We are of the opinion that this evidence furnishes adequate support for the conclusion that the defendants furnished medical services (made voluntary payments of compensation) to the plaintiff employee, beginning on July 19, 1971, and continuing through April 25, 1974, only three weeks prior to the filing of this action. Accordingly, we hold that under the savings proviso of T.C.A., § 50–1003, as construed in *Fields, supra*, the running of the statute was effectively tolled until April 25, 1974, the date of the last medical services furnished by the defendants prior to trial.

■ The trial court found that the employee had complied with the notice requirements of T.C.A., § 50–1001, and, we conclude that there is evidence to support

---

1. If payment or reimbursement by the employer of medical expenses incurred by the employee *on his own account* are relied upon as tolling the statute, our cases have held that the statute begins to run on the date of the last of such payments. *Chandler v. Travelers Ins. Co.*, 212 Tenn. 199, 369 S.W.2d 390 (1963); *City of Bristol v. Reed*, 218 Tenn. 173, 402 S.W.2d 124 (1966), rather than the date of the last treatment.

that finding. Thus, there is evidence to show that the insurer, Liberty Mutual, and Mr. Tarnakey, plaintiff's superior in Ohio, received actual knowledge of the accident and injury within thirty (30) days after June 8, 1971. Under the peculiar circumstances of this case, that was sufficient.

The decree of the trial court is affirmed, with interest and costs taxed against appellants.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.