# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### December 12, 2011 Session

# GERDAU AMERISTEEL, INC. v. STEVEN RATLIFF

**Appeal from the Chancery Court for Madison County**
**No. 66570      James F. Butler, Chancellor**

---

**No. W2011-00381-SC-R3-WC - Filed June 7, 2012**

---

An employee viewed the bodies of co-workers who had died as a result of work accidents on two separate occasions in February and April 2008. On June 23, 2008, the employee was diagnosed with post-traumatic stress disorder caused by the two incidents. On June 23, 2009, the employee requested a benefit review conference. The employer filed a complaint to determine the amount of workers' compensation benefits due. The employer subsequently filed a motion for summary judgment contending that the statute of limitations commenced on the date of the second accident and that the claim was therefore barred. The employee contended that the statute did not begin to run until the date of his diagnosis and that his claim was timely. The trial court granted the employer's motion. The employee appealed. We reverse the judgment of the trial court and remand the case for entry of a judgment consistent with the trial court's alternative findings.

**Tenn. Code Ann. § 50-6-225(e) (2008) Appeal as of Right;**
**Judgment of the Chancery Court Reversed; Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Jeffrey P. Boyd and Laura Ann E. Bailey, Jackson, Tennessee, for the appellant, Steven Ratliff.

Michael L. Mansfield and Nathan E. Shelby, Jackson, Tennessee, for the appellee, Gerdau Ameristeel, Inc.

## OPINION

## Factual and Procedural Background

Gerdau Ameristeel, Inc. ("Ameristeel"), a metal recycling company, employed Steven Ratliff as a melt shop attendant. In February 2008, a co-worker fell to his death from a platform at Ameristeel's plant. Mr. Ratliff was asked to bring a defibrillator to the accident scene. When Mr. Ratliff arrived, he saw his co-worker's body in a pool of blood. Mr. Ratliff became weak and nauseated for a short time but did not experience any continuing symptoms.

On April 4, 2008, a second co-worker, Jason Blackmon, fell to his death in a different area of the plant. Earlier that day, Mr. Ratliff delivered a cake to Mr. Blackmon, who had purchased it from Mr. Ratliff's daughter for a school fundraiser. Mr. Ratliff learned of the accident near the end of his shift. Mr. Ratliff and several other employees went to the accident scene. Mr. Ratliff saw Mr. Blackmon's body lying on the ground and witnessed emergency medical personnel attempting to revive Mr. Blackmon.

Mr. Ratliff was distraught over what he had seen. He was able, however, to return to work for the next seven or eight days, and he declined grief counseling offered by Ameristeel. Following scheduled surgery on his shoulder, Mr. Ratliff "thought about [Mr. Blackmon] a lot" during his recovery and began to have anxiety about returning to work. His anxiety worsened after he returned to work in June, and he experienced crying spells, shortness of breath, and a rapid heartbeat. On June 23, 2008, Mr. Ratliff experienced a crying spell while coaching his daughter's softball team. His wife took him to a local emergency room where he was diagnosed with post-traumatic stress disorder ("PTSD"). He was treated with medication and referred to his primary care physician, Dr. Keith Kirby.

On June 23, 2009, exactly one year after the date of his emergency room visit, Mr. Ratliff filed a request for a benefit review conference. Ameristeel subsequently filed a complaint to determine the amount of workers' compensation benefits, if any, to which Mr. Ratliff was entitled. Ameristeel also filed a motion for summary judgment, asserting that the statute of limitations on Mr. Ratliff's claim had expired before he requested a benefit review conference.[1] A trial was held on November 29, 2010. During the trial, the trial court considered the motion for summary judgment by agreement of the parties.

---

[1] Before January 1, 2005, an injured employee was required to file a timely action with the tribunal having jurisdiction over the matter. Tenn. Code Ann. § 50-6-203 (1999). In 2004, the General Assembly amended the statute to require an injured employee to request a benefit review conference. See Act of May 20, 2004, ch. 962, sec. 14, 2004 Tenn. Pub. Acts 2346, 2355 (codified as amended at Tenn. Code Ann. § 50-6-203 (2008)). See also Tenn. Code Ann. § 50-6-225 (2008).

Dr. Kirby testified by deposition. He opined that Mr. Ratliff suffered from PTSD caused by the events of February and April 2008. Dr. Kirby treated Mr. Ratliff with various medications, and attempts were made to return Mr. Ratliff to work. Eventually, Dr. Kirby recommended that Mr. Ratliff seek other employment. Dr. Kirby opined that Mr. Ratliff retained a 5% permanent impairment as a result of PTSD. He placed no permanent restrictions on Mr. Ratliff's activities.

After resigning from Ameristeel, Mr. Ratliff worked for a short time for Goodyear Tire in Union City, Tennessee, but left that job because of a back injury. He was unemployed at the time of the trial.

The trial court issued its ruling in the form of a letter to counsel. In granting Ameristeel's motion for summary judgment, the trial court concluded that the statute of limitations began to run on April 4, 2008, the date of Mr. Blackmon's death, and that Mr. Ratliff's claim was therefore barred by Tennessee Code Annotated section 50-6-203.

The trial court made alternative findings in anticipation of appellate review. The trial court ruled that in the event the statute of limitations does not begin to run until an employee discovers the injury, Mr. Ratliff could not have reasonably known or discovered that he suffered from PTSD until June 23, 2008, and that his claim was not barred. The trial court further determined that Mr. Ratliff sustained a permanent partial disability of 20% to the body as a whole.

Mr. Ratliff appealed, and the appeal was referred to a Special Workers' Compensation Appeals Panel. Tenn. Sup. Ct. R. 51 § 1. After oral argument before the Panel, this Court transferred Mr. Ratliff's appeal to the full Court for consideration. Tenn. Sup. Ct. R. 51 § 2.

**Analysis**

The issue before us is the construction of the statute of limitations governing workers' compensation claims as set out in Tennessee Code Annotated section 50-6-203(b)(1). Workers' compensation claims are entirely creatures of statute. Martin v. Lear Corp., 90 S.W.3d 626, 632 (Tenn. 2002). The General Assembly, therefore, has broad discretion, subject only to constitutional limitations, to define the claims and to prescribe the procedure for recovering workers' compensation benefits. We are directed by Tennessee Code Annotated section 50-6-116 (2008) to construe these statutes "equitabl[y] . . . to the end that the objects and purposes of this chapter may be realized and attained." This Court, however, is not at liberty to alter or extend the statutes beyond their obvious meaning. Wausau Ins. Co. v. Dorsett, 172 S.W.3d 538, 542-43 (Tenn. 2005). The construction of a statute and its application to the facts of a case are questions of law, which we review de novo. State v. Marshall, 319 S.W.3d 558, 561 (Tenn. 2010).

*Tennessee Code Annotated Sections 50-6-203 and 50-6-224*

Prior to January 1, 2005, two statutes of limitations governed Tennessee's workers' compensation law. The statute of limitations in Tennessee Code Annotated section 50-6-203 required the injured employee to file suit within one year of "the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(1) (1999). The statute of limitations in Tennessee Code Annotated section 50-6-224(a)(1) (2008) required the injured employee to bring suit within one year "after occurrence of the injury." The difference in the language of the two provisions resulted in conflicting decisions of this Court.

In Graham v. J.W. Wells Brick Co., we held that the terms "accident" and "injury" were synonymous "because an accident occurs and an injury results." 266 S.W. 770, 771 (Tenn. 1924). In Ogle v. Tennessee Eastman Corp., however, this Court held that a workers' compensation injury did not "occur" on the date of the accident but occurred only when the injured employee became aware of his disability. 206 S.W.2d 909, 911 (Tenn. 1947).

We resolved the conflict between the accrual times in the two statutes of limitations in Griffitts v. Humphrey, 288 S.W.2d 1 (Tenn. 1955), reh'g denied, 288 S.W.2d 4 (1956). Recognizing the social purpose of the workers' compensation law and the statutory requirement of liberal construction, we held that section 224(a)(1), referencing the "occurrence of the injury," rather than section 203(b)(1), referencing the "accident resulting in injury," commenced the running of the limitation period.[2] Griffitts, 288 S.W.2d at 4. The cases that have construed sections 203(b)(1) and 224(a)(1) over the years have consistently recognized the difference, or potential difference, between the date of an "accident resulting in injury" and the "occurrence of [an] injury." Griffitts, 288 S.W.2d at 2; Burcham v. Carbide & Carbon Chems. Corp., 221 S.W.2d 888, 891 (Tenn. 1949); Ogle, 206 S.W.2d at 910; Graham, 266 S.W. at 771.

*Limitation of Section 50-6-224*

The General Assembly amended sections 203 and 224 in 2004. Act of May 20, 2004, ch. 962, sec. 14-15, 2004 Tenn. Pub. Acts 2346, 2355-57. The 2004 amendment made section 224 applicable "only to injuries that arise on or before December 31, 2004." Tenn. Code Ann. § 50-6-224(b). As a result, section 203 is the only statute of limitations governing claims for workers' compensation benefits in Tennessee for injuries arising on or after January 1, 2005.

---

[2] At the time of the Griffitts opinion, Tennessee Code Annotated sections 50-6-203 and 50-6-224 were codified as sections 6874 and 6884 in Williams Code Annotated. This opinion will refer to the provisions in the current codification scheme.

The General Assembly is presumed to know of the potential difference in accrual times discussed in our Griffitts decision. See Hayes v. Gibson Cnty., 288 S.W.3d 334, 337 (Tenn. 2009). The General Assembly's restriction of section 224(a)(1) to injuries that arise on or before December 31, 2004, clearly indicates its intent to commence the statute of limitations in workers' compensation cases at the time of the "accident resulting in injury" in cases in which the injury arises on or after January 1, 2005, as provided in section 203(b)(1).

*Tolling of the Statute of Limitations*

We next consider whether the accrual of the cause of action is tolled pending discovery of the injury to an employee. This Court has stated that a statute of limitations does not expire before the plaintiff discovers a claim. See Sherrill v. Souder, 325 S.W.3d 584, 595 (Tenn. 2010). We adopted the discovery rule for medical malpractice actions in Teeters v. Currey, 518 S.W.2d 512, 517 (Tenn. 1974). We subsequently expanded the discovery rule to other common law negligence, strict liability, and misrepresentation actions. McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 491 (Tenn. 1975). Ameristeel asserts that the General Assembly's restriction of the "injury" statute of limitations to cases in which the injury arises on or before December 31, 2004, precludes the application of the discovery rule in workers' compensation cases because the statute of limitations must run from the time of the accident. We disagree. This Court has applied the statutes of limitations in both sections 203(b)(1) and 224(a)(1) and has held that the statutes of limitations are tolled until the employee becomes aware of a compensable injury.

In construing section 203(b)(1), we have held that a cause of action in a workers' compensation case does not accrue until the plaintiff discovers the injury that is the basis for the claim. Ogden v. Matrix Vision of Williamson Cnty., Inc., 838 S.W.2d 528, 530 (Tenn. 1992); see also Mackie v. Young Sales Corp., 51 S.W.3d 554, 558 (Tenn. 2001) (holding that the statute of limitations in section 203(b)(1) "begins to run when through the exercise of reasonable care and diligence it becomes discoverable and apparent that the employee sustained a compensable injury"); Livingston v. Shelby Williams Indus., Inc., 811 S.W.2d 511, 515 (Tenn.1991) ("[T]he running of the statute of limitations [is] suspended until by reasonable care and diligence the compensable injury became apparent."); Threadgill v. Lexington Metal Prods. Co., 632 S.W.2d 550, 551 (Tenn. 1982) ("It is now settled in this state that the running of the statute of limitations is suspended until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained."); Norton Co. v. Coffin, 553 S.W.2d 751, 752-53 (Tenn. 1977) (finding that the statute of limitations did not begin to run until the date of diagnosis of the injury).

Similarly, this Court has long held that the statute of limitations of section 224(a)(1) is tolled pending discovery that the employee's injury is compensable under the workers'

compensation statutes. See Union Carbide Corp. v. Cannon, 523 S.W.2d 360, 361 (Tenn. 1975) (holding that the statute of limitations runs from the diagnosis of the injury); Reed v. Genseco, Inc., 512 S.W.2d 1, 3 (Tenn. 1974) (holding that the statute of limitations is tolled "until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained"(quoting Murray Ohio Mfg. Co. v. Vines, 498 S.W.2d 897, 903 (Tenn. 1973))); Imperial Shirt Corp. v. Jenkins, 399 S.W.2d 757, 760 (Tenn. 1966) (holding that the statute of limitations is tolled until the employee discovers that the injury is connected to the accident).

We applied the discovery rule to the statute of limitations of both sections 203(b)(1) and 224(a)(1) before the General Assembly amended the statutes in 2004. See Threadgill, 632 S.W.2d at 551. We presume that the General Assembly was aware of our prior decisions applying the discovery rule to both sections 203(b)(1) and 224(a)(1) at the time of the 2004 amendment to the statutes. Hayes, 288 S.W.3d at 337. We therefore hold that the limitations period for workers' compensation cases pursuant to Tennessee Code Annotated section 203(b)(1) does not commence until a plaintiff discovers or, in the exercise of reasonable diligence, should have discovered that he has a claim.[3]

*Statute of Limitations*

Having concluded that the limitations period does not commence until the injury is discovered, we must determine whether Ameristeel was entitled to summary judgment as a matter of law. Summary judgment is appropriate in a case in which there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kinsler v. Berkline, LLC, 320 S.W.3d 796, 799 (Tenn. 2010).

It is not disputed that Mr. Ratliff filed his request for a benefit review conference more than one year after Mr. Blackmon's death on April 4, 2008. It is also undisputed that Mr. Ratliff experienced symptoms of PTSD before June 23, 2008. Mr. Ratliff, however, presented deposition testimony of Dr. Kirby, who stated that Mr. Ratliff was "clinically diagnosable" for PTSD on June 23, 2008.

---

[3] We have examined the legislative history of the 2004 amendment to these statutes. The legislative history reflects that the General Assembly did not specifically discuss the reasons or purpose for repealing Tennessee Code Annotated section 50-6-224(a)(1) and leaving only Tennessee Code Annotated section 50-6-203(b)(1). In addition, no mention was made of the fact that for decades Tennessee's courts have applied the discovery rule to both Tennessee Code Annotated section 50-6-203(b)(1) and Tennessee Code Annotated section 50-6-224(a)(1). We are unconvinced that the General Assembly intended to foreclose the application of the discovery rule to workers' compensation cases. Moreover, acknowledged workers' compensation experts have criticized the small minority of states that have adopted the date of the accident as the triggering date for the running of the statute of limitations without consideration of the discovery rule. See 7 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 126.05, at 20 (2007).

The statute of limitations commences to run "at that time when the employee, by a reasonable exercise of diligence and care, would have discovered that a compensable injury had been sustained." Bellar v. Baptist Hosp., Inc., 559 S.W.2d 788, 789-90 (Tenn. 1978) (construing section 203). The question of whether a plaintiff has exercised reasonable diligence and care in discovering that he has a cause of action, however, is a question of fact. See Wyatt v. A-Best, Co., 910 S.W.2d 851, 854 (Tenn. 1995). Considering the facts in favor of the non-moving party, as we must in a summary judgment case, we conclude that summary judgment is inappropriate as to the issue of whether the statute of limitations bars Mr. Ratliff's cause of action. See Sherrill, 325 S.W.3d at 601-02. We therefore reverse the trial court's grant of summary judgment as to the statute of limitations.

*Alternative Findings*

Workers' compensation cases are expedited by giving them "priority over all cases on the trial and appellate dockets." Tenn. Code Ann. § 50-6-225(f). Accordingly, trial courts should make findings of fact and rule on the merits even when cases are resolved on a procedural basis. If, on appeal, the trial court's judgment is not affirmed, alternative rulings provide the reviewing court with a basis on which to review the case on its merits. The alternative findings may thereby prevent additional delay caused by a remand for further proceedings. See Barron v. Tenn. Dep't of Human Servs., 184 S.W.3d 219, 223 n.1 (Tenn. 2006). The trial court in this case properly heard the case on its merits and made alternative findings after granting summary judgment to the employer.

In its alternative holding, the trial court found that Mr. Ratliff could not have reasonably known or discovered that his PTSD symptoms were related to work activities until his diagnosis on June 23, 2008. In workers' compensation cases we review the trial court's findings of fact de novo upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (2008); Whirlpool Corp. v. Nakhoneinh, 69 S.W.3d 164, 167 (Tenn. 2002).

Mr. Ratliff's symptoms surfaced immediately after the second accident and continued for several months until June 23, 2008. Mr. Ratliff exhibited symptoms including anxiety, shortness of breath, and crying spells. Mr. Ratliff testified, however, that he "didn't know what was going on" and "didn't know what was wrong." He testified that he had heard the term "post-traumatic stress disorder" before his diagnosis but that he had "no idea exactly what it was." No one had used the term in reference to him until he was told at the emergency room that he was suffering from PTSD. Dr. Kirby found that Mr. Ratliff was "clinically diagnosable" for PTSD on June 23, 2008.

When issues of credibility of witnesses and the weight to be given their in-court testimony are before the reviewing court, considerable deference must be accorded to the factual findings of the trial court. Richards v. Liberty Mut. Ins. Co., 70 S.W.3d 729, 733 (Tenn. 2002). The trial court heard testimony from Mr. Ratliff and reviewed the deposition testimony of Dr. Kirby. The trial court agreed with Dr. Kirby that Mr. Ratliff could not have attributed his symptoms to PTSD arising from the accidents at work and found that Mr. Ratliff could not have discovered his injury before June 23, 2008. See Norton, 553 S.W.2d at 752-53 (finding the statute of limitations in section 203(b)(1) begins to run with diagnosis of the injury).

On the record before us, we cannot conclude that the evidence preponderates against this finding of the trial court. We conclude that the limitations period did not commence until Mr. Ratliff was diagnosed as having PTSD on June 23, 2008, and that the statute of limitations therefore does not bar Mr. Ratliff's claim.

The trial court determined that if the statute of limitations does not bar his claim, Mr. Ratliff is entitled to an award of permanent partial disability benefits of 20% to the body as a whole. On appeal, Ameristeel does not dispute this finding. We conclude that Mr. Ratliff is entitled to an award of permanent partial disability of 20% to the body as a whole.

### Conclusion

The judgment of the trial court is reversed and the case remanded for entry of judgment awarding Mr. Ratliff permanent partial disability of 20% to the body as a whole. Costs are taxed to Gerdau Ameristeel, Inc., for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE