IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 10, 2012

## CLUB CHALET HOMEOWNERS' ASSOCIATION, INC. v. KIMBERLY MATTHEWS

Appeal from the Circuit Court for Sevier County
No. 2008-0768-1     Ben W. Hooper, II, Judge

No. E2011-02237-COA-R3-CV-FILED-SEPTEMBER 19, 2012

The defendant appeals from a judgment entered on a jury verdict holding her liable to her employer for her involvement in a co-worker's misappropriation of funds. The jury found that the defendant's involvement included (1) intentional misrepresentations, (2) concealment of facts relevant to the misappropriation, and (3) breach of contractual duties owed to the employer. The sole issue before us is whether the trial court erred in denying the defendant's motion for a directed verdict[1] made at the conclusion of the proof. The motion was based upon the defendant's assertion that the statute of limitations barred the claim. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Tracy Jackson Smith, Knoxville, Tennessee, for the appellant, Kimberly Matthews.

Brian T. Mansfield, Sevierville, Tennessee, for the appellee, Club Chalet Homeowners' Association, Inc.

**OPINION**

---

[1]The motion was labeled a motion to dismiss. This mislabeling is discussed in section III of this opinion.

I.

From 1990 until March 2006, Kimberly Matthews ("the Property Manager") was employed by Club Chalet Homeowners' Association, Inc. ("the Employer") as its property manager. In this capacity, the Property Manager was responsible for the day-to-day operations of the Employer, including its day-to-day financial matters. She was issued a company credit card with her name on it. She was also responsible for supervising other employees, including the office manager, Cindy Giles. As office manager, Giles paid the Employer's monthly bills. Giles also had a company credit card, but typically signed the Property Manager's name since Giles' name was not on the card.

In August of 2004, someone reported to the Employer's president that Giles was abusing the credit card. The president directed the Property Manager to investigate and report back to him. The Property Manager reported that she had reviewed the most recent bank and credit card statements and found that Giles had forged the Property Manager's name to "a lot" of checks and credit charges. Officers of the Employer told the Property Manager to obtain credit card and bank statements for the past year. Those statements revealed further abuse. At the direction of the Employer's board of directors, the Property Manager contacted the local police department. Giles was prosecuted and eventually pleaded guilty to felony theft.

In December 2005, the Employer filed a civil action against Giles alleging that she had converted over $100,000 of company funds. On February 6, 2006, she responded with a letter that was treated as a pro se answer. She alleged that any and all questionable charges were approved by the Property Manager. Shortly thereafter, the Property Manager resigned her position.

The Employer filed this action against the Property Manager on November 10, 2008. At the trial that followed, Giles testified that many of the purchases and payments were not for her. In response, the Property Manager testified that the improper charges and payments were all made by and for Giles. The Property Manager also testified that before 2004 she questioned Giles about some of the charges and that she, the Property Manager, somewhat naively, believed Giles when she explained certain charges away as honest mistakes.

As previously stated, the jury found that the Property Manager made "intentional misrepresentations . . . which . . . the [Employer] justifiably relied upon;" that she "intentionally concealed or suppressed a material fact (or facts) [that she] was under a duty to disclose to the [p]laintiff;" and that she beached her contractual duty to the Employer. The jury awarded the Employer $50,000 in compensatory damages but declined to award punitive damages.

Well in advance of trial, the Property Manager filed a "motion to dismiss" on the ground that the three-year statute of limitations for property torts, Tenn. Code Ann. § 28-3-105 (2000), had expired before the action was filed. Although the trial court's ruling on that motion is not in the record, the parties agree that the court denied the motion from the bench and granted the Property Manager leave to renew the motion at the conclusion of the proof. The Property Manager renewed the motion which the court denied by entering judgment on the jury's verdict.

## II.

The issue in this appeal, taken from the Property Managers' brief, is as follows:

> Whether the trial court erred in denying [the Property Manager's] motion to dismiss the lawsuit against her on the ground that the statutes of limitations had expired.

## III.

Notwithstanding the Property Manager's phrasing of the issue, the timing of the renewed motion in this jury trial compels us to review it as the denial of a motion for directed verdict made pursuant to Tenn. R. Civ. P. 50.01. In pertinent part, Rule 50.01 states:

> A motion for a directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case. . . . A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

Our standard for reviewing a trial court's ruling on a motion for directed verdict is as stated in *Johnson v. Tennessee Farmers Mut. Ins. Co.*, 205 S.W.3d 365 (Tenn. 2006):

> In reviewing the trial court's decision to deny a motion for a directed verdict, an appellate court must take the strongest legitimate view of the evidence in favor of the non-moving

party, construing all evidence in that party's favor and disregarding all countervailing evidence. A motion for a directed verdict should not be granted unless reasonable minds could reach only one conclusion from the evidence. The standard of review applicable to a motion for a directed verdict does not permit an appellate court to weigh the evidence. Moreover, in reviewing the trial court's denial of a motion for a directed verdict, an appellate court must not evaluate the credibility of witnesses. Accordingly, if material evidence is in dispute or doubt exists as to the conclusions to be drawn from that evidence, the motion must be denied.

*Id*. at 370 (citations omitted). Also, "[a] trial court may . . . direct a verdict with regard to an issue that can properly be decided as a question of law because deciding purely legal questions is the court's responsibility, not the jury's." *Jenkins v. Brown*, No. M2005-02022-COA-R3-CV, 2007 WL 4372166, at *5 (Tenn. Ct. App. M.S., filed Dec. 14, 2007). Either way, our review is de novo with no presumption that the trial court's decision is correct. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006) ("Because it is a question of law, the scope of review on this issue is de novo with no presumption of correctness.").

IV.

The Property Manager's argument is based upon two faulty legal conclusions. First, she asserts that "regardless of whether a complaint sounds in contract, if the suit seeks to recover damages for injuries to the plaintiff's property, the applicable statute of limitations is three years." This argument assumes that there can be only one "gravamen" and only one statute of limitations applicable to a given action. In *Bluff Springs Apartments, Ltd. v. Peoples Bank of South*, No. E2009-01435-COA-R3-CV, 2010 WL 2106210 at * 7 (Tenn. Ct. App. E.S., filed May 26, 2010), we specifically rejected the Property Manager's assumption. In *Bluff Springs*, we held that the plaintiff's claim for breach of contract survived notwithstanding expiration of the three-year statute of limitations on a conversion claim with regard to the property that was the subject of the contract. *Id*. at *10. Therefore, we agree with the Employer that even if the three year statute of limitations for property torts had expired, the judgment must be sustained based on the breach of contract claim.

The Property Manager's second faulty conclusion is that since the Employer knew by August 2004 that it had sustained a loss through misappropriation, the cause of action accrued as a matter of law. There are numerous reasons this argument lacks merit. We will mention only a few. First, accrual does not happen under the discovery rule until the putative plaintiff discovers both the nature of the injury and the identity of the tortfeasor. *Foster v.*

*Harris*, 633 S.W.2d 304, 305 (Tenn. 1982); *McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004).  Second, the question of whether the cause of action has accrued under the discovery rule is a question of fact.  *Gerdau Ameristeel, Inc. v. Ratliff*, 368 S.W.3d 503, 509 (Tenn. 2012) ("The question of whether a plaintiff has exercised reasonable diligence and care in discovering that he [or she] has a cause of action, however, is a question of fact.").  The proof on this point was conflicting and the jury resolved that conflict against the Property Manager.  The jury found that the Property Manager's actions with regard to the misappropriated funds included concealment and intentional misrepresentation.  Under the standard of review for directed verdicts, we cannot disturb or ignore those findings.  Accordingly, we find no error in the trial court's denial of the motion for directed verdict.

V.

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellant, Kimberly Matthews.  This case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE