**FILED**
**Aug 06, 2018**
**10:08 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| ANN HATHAWAY, | ) | Docket No. 2017-06-2295 |
| Employee, | ) | |
| v. | ) | |
| | ) | |
| DELAWARE NORTH COMPANIES, | ) | State File No. 31594-2015 |
| SPORTSERVICE, | ) | |
| Employer, | ) | |
| | ) | |
| NEW HAMPSHIRE INSURANCE | ) | Judge Joshua Davis Baker |
| CO., | ) | |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

---

The Court convened an Expedited Hearing on August 2, 2018. Ms. Hathaway requested medical and temporary disability benefits for a shoulder injury. Delaware North Companies argued that the statute of limitations bars her claim. The Court holds Ms. Hathaway would not likely prevail at a hearing on the merits in proving she timely filed her petition seeking workers' compensation benefits and denies her claim.

### History of Claim

This claim concerned an alleged denial of treatment for a work-related, shoulder injury. Ms. Hathaway worked part time for Delaware North, a company that provides labor for sporting events. In that capacity, she worked at Bridgestone arena during Nashville Predators' games where she sold merchandise in the "team store," a souvenir shop offering Predators' paraphernalia.

On February 10, 2015, while working at Bridgestone, Ms. Hathaway injured her right shoulder while lifting a box from an overhead shelf. She said she heard a "pop" accompanied by pain. She testified she immediately reported the accident to her supervisor but continued to work.

Over the next several weeks, Ms. Hathaway continued to work through the pain. When it finally became too intense, she contacted Delaware North's human resource office seeking assistance. Delaware North provided Ms. Hathaway medical treatment with Dr. Calvin Dyer.

Dr. Dyer diagnosed right shoulder impingement likely accompanied by bursitis. He x-rayed her shoulder but determined it best to "avoid imaging studies." He gave her a cortisone shot and released her to return to full-duty work on July 30, 2015. He determined she had no permanent impairment.

Ms. Hathaway continued working her job throughout 2015 and 2016. Then, in April 2017, she returned to Dr. Dyer complaining of increased shoulder pain. Dr. Dyer gave her another cortisone shot and scheduled a follow-up appointment. He did not relate the pain to Ms. Hathaway's prior shoulder injury at that time.

When Ms. Hathaway returned several months later complaining of continuing pain, Dr. Dyer ordered an MRI which revealed a partially-torn, right rotator cuff. He operated on her shoulder, and Ms. Hathaway used her private medical insurance to cover the cost. Following surgery, Dr. Dyer wrote the following medical note:

She was initially hurt working at a part-time job at Bridgestone Nashville Arena on February, 10, 2015, when she was lifting heavy boxes onto a shelf. I initially followed her for this work injury with the visit just 2 months later in April 2015. I then cleared her 2 months later in June 2015. She never got fully better, but she was able to continue her work, both her administrative job and her Arena work. In April 2017, the same right shoulder problem occurred without other significant problems and worsened. Again, the pain had not gone away from the initial injury. I have spent time clarifying all of this with her related to her job at the Bridgestone Arena. The injury was initially denied through Workmen's Compensation. I proceeded with care and surgery through her regular insurance because there had not been any new injury. She initially had been cleared from this injury. After spending more than 15 minutes speaking to her about this, I believe with a reasonable degree of medical certainty, this has symptoms from her original injury on February 10, 2015 that has simply recurred without any new injury. The pain had not gone away in between, but was manageable enough that she continued work.

Hopefully, this will clarify that this is related to her original injury with the subsequent surgery. Her shoulder has now been cared for and she is doing home exercises. She will be off of work at the arena until she can handle full duty work. She likely will return to administrative type work after next visit. I will be following with her in 3 to 4 weeks with an update at that time. When she returns, she will have x-rays AP and outlet view of her right shoulder.

Delaware North declined to pay for treatment provided by Dr. Dyer, citing expiration of the statute of limitations, as it had made its last voluntary medical payment on December 7, 2015. Ms. Hathaway filed her petition on December 20, 2017.

**Findings of Fact and Conclusions of Law**

Ms. Hathaway has the burden of proof but need not prove every element of her claim by a preponderance of the evidence to receive relief at an expedited hearing.

Instead, she must present sufficient evidence to prove she would likely prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015). The Court finds she failed to carry this burden and denies her claim.

The determinate issue in this claim is the statute of limitations. Where the employer voluntarily pays benefits, the Workers' Compensation Law provides that the employee's "right to compensation shall be forever barred" unless the employee files a PBD within one year after "the date of the last authorized treatment or the time employer ceased to make payment of compensation to or on behalf of the employee." Tenn. Code Ann. § 50-6-203(b)(2) (2017). The employer has the burden of producing facts to show that the statute of limitations bars a claim. Once the employer establishes those facts, the claim is barred unless the employee proves that an exception exists. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008) (citing *Ingram v. Earthman*, 993 S.W.2d 611, 633; *Jones v. Coal Creek Mining & Mfg. Co.*, 180 S.W. 179, 182 (Tenn. 1915).

Delaware North made its last voluntary benefit payment on December 7, 2015. Ms. Hathaway did not file her petition until December 20, 2017, more than two years later. Delaware therefore established facts showing the statute of limitations bars Ms. Hathaway's claim. She must now show that an exception extended the one-year statute for her claim to remain viable.

On this issue, Ms. Hathaway posited two arguments. First, she argued the statute of limitations should not bar her claim because she did not know Delaware North closed her case after Dr. Dyer originally released her. If she had known she needed to seek additional treatment within a year or risk losing her right to further care, she would have done so. Second, Ms. Hathaway argued that Delaware North failed to provide all medical care reasonable and necessary to treat her injury. Because she did not know she had a torn her rotator cuff until December 2017, the statute should not have begun to run until Dr. Dyer informed her of the problem and related it to her work for Delaware North. The Court finds neither argument persuasive.

While the Court sympathizes with Mr. Hathaway, her lack of knowledge concerning the statute of limitations will not extend the statute. *See Mosby v. McDowell Ctr. for Children*, 2014 Tenn. LEXIS 703, at \*18-19 (Tenn. Workers' Comp. Panel Oct. 2, 2014) ("More than 170 years of Tennessee case law reveals a general public policy . . . mere ignorance of the law will not serve as an excuse for a litigant's error or omission."). Furthermore, Delaware North had no obligation to warn her that the statute of limitations would expire if she failed to pursue additional care or file a petition within one year after it made its last voluntary benefit payment.

Ms. Hathaway's lack of knowledge concerning the extent and severity of her injury also did not work to extend the statute of limitations. In general, the law provides

that the statute of limitations will not commence "until by reasonable care and diligence it is discoverable and apparent that an injury compensable under the workmens' compensation laws has been sustained." *Norton Co. v. Coffin*, 553 S.W.2d 751, 752 (Tenn. 1977). This concept is generally referred to as the "discovery rule." The Appeals Board addressed the applicability of the discovery rule in *Johnson v. Stanley Convergent Security Systs.*, 2017 TN Wrk Comp. App. Bd. LEXIS 44 (Aug. 3, 2017). In *Johnson*, the worker felt a "pop" in his shoulder followed by immediate pain. He reported the injury to his supervisor the following day but never received a panel. More than a year after the accident, he filed a PBD, and the employer moved for summary judgment. The trial court denied the motion, in part, stating that it was not "discoverable and apparent" that the worker sustained a compensable injury. The Appeals Board reversed the trial court and stated the following: "[a]n employee who suffers an acute work injury, as in this case, cannot toll the statute of limitations by claiming he or she was unaware of the full extent of the resulting injury." *Id*. at *9.

Like the employee in *Johnson*, Ms. Hathaway suffered an acute injury and reported it the same day. However, in this case, Delaware North provided Ms. Hathaway medical care and the doctor released her after a couple of visits. Afterward, Ms. Hathaway continued to have pain but waited more than a year to seek additional treatment. While her sense of resolve and work ethic are impressive, Ms. Hathaway knew she suffered an acute workplace injury, believed she still needed treatment, yet waited too long to request it. Additionally, no evidence showed her delay in seeking treatment resulted from action on the part of Delaware North.

The Court holds that the discovery rule and Ms. Hathaway's lack of knowledge concerning the statute of limitations did not extend the claim-filing deadline. Because she filed her claim after expiration of the statute, the Court holds Ms. Hathaway is unlikely to succeed at a hearing on the merits in proving entitlement to benefits available under the Workers' Compensation Law.

**IT IS ORDERED** as follows:

1. Ms. Hathaway's request for benefits is denied.

2. This matter is set for a status conference on Monday, September 24, 2018, at 9:00 a.m. (CDT). **You must call 615-741-2113 or toll-free 855-874-0474 to participate in the Hearing. Failure to call may result in a determination of issues without your further participation.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no

4

later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON AUGUST 6, 2018.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Medical records
2. First Report of Injury
3. Final Medical Report
4. Hathaway Affidavit
5. Russell Affidavit
6. Letter Dated May 24, 2017

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on August 6, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Ann Hathaway | X | | X | 934 Elvira Ave. Nashville, TN 37216 ann.hathaway@tn.gov |
| Kenneth Veit | | | X | kenny.veit@leitnerfirm.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov