FILED

August 3, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Don Johnson | ) | Docket No.  2016-08-0656 |
| | ) | |
| v. | ) | State File No. 6727-2016 |
| | ) | |
| Stanley Convergent Security Systems, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Reversed and Remanded – Filed August 3, 2017

---

In this interlocutory appeal, the employee filed a petition for benefit determination more than one year after an alleged acute shoulder injury.  The employer filed a motion for summary judgment asserting the employee's petition was untimely filed.  In denying the employer's motion, the trial court concluded there was a genuine issue of material fact as to whether the employee's injury was discoverable more than one year prior to the filing of the petition.  The employer has appealed.  We reverse the trial court's decision and remand the case for entry of an order dismissing the claim.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley joined; Judge Timothy W. Conner concurs separately.

David C. Riley, Memphis, Tennessee, for the employer-appellant, Stanley Convergent Security Systems

Richard D. Click, Memphis, Tennessee, for the employee-appellee, Don Johnson

### Factual and Procedural Background

Don Johnson ("Employee") worked for Stanley Convergent Security Systems ("Employer") as a service technician.  On March 25, 2015, he was installing hardware on a door at a manufacturing plant in Mississippi when he felt a "pop" in his left shoulder, followed immediately by pain in his shoulder.  Employee emailed his supervisor the

1

following day and told him about the incident, but neither the supervisor nor anyone else from Employer provided Employee a panel of physicians or took any other action in response. Employee continued working despite "constant pain" in his left shoulder.

On June 19, 2015, Employee was working for Employer in Martin, Tennessee, when he fell on his left shoulder, resulting in an increase in pain. Employee told his supervisor about this incident and continued working. Again, no panel of physicians was provided, and Employee continued working despite his pain.

In December 2015, in response to a request from his supervisor, Employee provided Employer a written description of both the March and June incidents. Employer filed a first report of work injury in January 2016, but listed only the June 2015 incident. Employer denied Employee's claim on April 26, 2016, stating, among other reasons, that "[t]he medical evidence does not support a work related injury" and "[t]he claim is being denied based on a pre-existing condition."

Employee filed a petition for benefit determination on June 9, 2016. On the line requesting a date of injury, Employee initially wrote something that was later marked out, making it illegible. However, on the part of the form asking for a description of how the injury occurred, Employee described the March 25, 2015 incident in Mississippi. There was no mention in that description of the subsequent fall on June 19, 2015.

Thereafter, Employer filed a motion for summary judgment, arguing the petition for benefit determination was untimely filed. Contemporaneously with its motion, Employer filed a statement of undisputed facts. In response, Employee agreed with the following facts: (1) the petition alleged a date of accident of June 19, 2015; (2) the accident described in the petition occurred on March 25, 2015; (3) Employee was working on a door and pulling wire when, on March 25, 2015, he felt a pop in his left shoulder and experienced a sensation like "something flapping around in there" and feeling as though there was "a tendon . . . torn loose"; (4) as a result of the accident on March 25, 2015, Employee's left shoulder felt similar to the way his other shoulder felt before it was surgically repaired; (5) Employee has had pain and problems with his left shoulder since feeling the pop on March 25, 2015; (6) Employee gave notice of his injury the next day; and (6) Employer has provided no workers' compensation benefits for either the March or June 2015 injury.

In denying Employer's motion, the trial court made two findings. First, it determined, *sua sponte*, that Employee's responses to Employer's statement of undisputed facts was sufficient to amend the petition for benefit determination to identify March 25, 2015 as the date of injury and that this "was enough to resolve any deficiencies" raised by Employer. Second, the trial court concluded there were disputed issues of material fact as to when it was "discoverable and apparent" that Employee had sustained a compensable injury, thereby making summary judgment inappropriate.

2

Employer has appealed, arguing the trial court erred in not granting summary judgment and dismissing the case because Employee failed to file his claim within the one-year statute of limitations. *See* Tenn. Code Ann. § 50-6-203 (2017). It also asserts the trial court lacked the authority to amend Employee's petition for benefit determination in the absence of a motion seeking such relief.

## Standard of Review

The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

## Analysis

### A.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In evaluating a trial court's decision to deny a motion for summary judgment, we consider the evidence in a light most favorable to the nonmoving party. *Arnold v. Courtyard Mgmt. Corp.*, No. 2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *7 (Tenn. Workers' Comp. Panel Sept. 28, 2016).

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye*, 477 S.W.3d at 264. If the moving party is successful in meeting this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading." *Rye*, 477 S.W.3d at 265. Rather, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this manner, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

In addition to these requirements, Rule 56.03 provides specific filing requirements for both the moving party and the nonmoving party. The moving party must file a statement of undisputed material facts with its motion, ensuring that each fact is accompanied by a citation to the record. Tenn. R. Civ. P. 56.03. Likewise, the nonmoving party is instructed to respond to this statement of undisputed facts, indicating it agrees the fact is undisputed or demonstrating that the fact is disputed by providing a citation to the record. *Id.* "The requirements of Rule 56 are not mere suggestions. The use of the words 'must' and 'shall' in Rule 56.03 to describe the necessary elements of a motion for summary judgment and any response thereto are plain and unambiguous." *Thomas v. Zipp Express*, No. 2015-06-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 15, 2017).

**B.**

In the present case, Employer asserts that the petition for benefit determination was untimely filed and that it is entitled to judgment as a matter of law. To succeed on its motion, Employer must either prove Employee failed to timely file the petition or show that Employee's evidence of a timely-filed petition is insufficient as a matter of law. In this regard, Employee admitted in response to Employer's statement of undisputed facts that the injury as described in the petition occurred on March 25, 2015 while he was working in Mississippi and that his petition incorrectly listed the date of injury as June 19, 2015. Employee further admitted that he did not file a petition listing the March 25, 2015 date of injury. He also admitted that the petition he filed was dated June 9, 2016, more than one year after the March 25, 2015 accident. There is no dispute that Employer paid no benefits. Based on our review of the petition for benefit determination and the agreed statements of undisputed fact, we conclude that Employer met its burden of showing that Employee's petition was untimely filed.

However, the inquiry does not end there. Once Employer met its burden of production, the burden shifted to Employee to establish one or more genuine issues of material fact upon which the court could base a decision in his favor. With respect to this issue, the trial court concluded there were disputed issues of material fact as to whether it was "discoverable and apparent" that Employee had sustained a compensable injury on March 25, 2015. We disagree.

An employee who suffers an acute work injury, as in this case, cannot toll the statute of limitations by claiming he or she was unaware of the full extent of the resulting injury. For instance, in *Arnold*, the employee argued that the statute of limitations did not begin to run until she reached maximum medical improvement because her physician did not assign a permanent medical impairment rating until that time. *Arnold*, 2016 Tenn. LEXIS 648, at *8. In reversing the trial court's order denying the employer's motion for summary judgment, the Special Workers' Compensation Appeals Panel reasoned as follows:

4

Employee cites *Gerdau Ameristeel v. Ratliff*, 368 S.W.3d 503 (Tenn. 2012), and earlier cases applying the "discovery rule" and holding that the limitation period does not begin to run until an employee discovers or, in the exercise of reasonable diligence, should have discovered, that she has a claim. Those decisions are not relevant to the case before us. Here, Employee was well aware of her claim. She reported the injury to Employer within a few days of the incident . . . . Employee's assertion that the one-year limitation was tolled until she reached maximum medical improvement is incorrect.

*Id.* at *9-10 (citations omitted). *See also Mumpower v. City of Erwin*, No. E2000-00698-WC-R3-CV, 2001 Tenn. LEXIS 14, at *3 (Tenn. Workers' Comp. Panel Jan. 4, 2001) ("information that [the] . . . injury was worse than originally believed would not serve to extend the operation of the statute of limitations").

Employee in the present case makes a similar argument, asserting that a worker "is not charged with knowledge which will begin the running of the statutory period . . . until he knows both the ultimate diagnosis and that the condition is probably permanent." Applying that understanding of the law to this case, Employee maintains that the statute of limitations has yet to begin to run on his claim because he has not been informed by a physician that he suffered a permanent injury. However, as the Special Panel explained in *Arnold*, if there is sufficient evidence indicating an employee was aware or reasonably should have been aware he or she suffered a work-related injury, then the limitations period is triggered. *Id. See also Jenkins v. Goodyear Tire & Rubber Co.*, No. W2014-02303-SC-R3-WC, 2016 Tenn. LEXIS 175, at *8 (Tenn. Workers' Comp. Panel Mar. 15, 2016) (a physician's opinion is not required in every case before the statute of limitations begins to run).

Here, it is undisputed that Employee believed he suffered a work-related injury on March 25, 2015, at a work location in Mississippi. He admitted that he felt a "pop" in his shoulder while performing his work activities and that he felt a sensation of "something flapping around in there." He further described feeling like a "tendon [was] torn loose" when he tried to move his shoulder. He testified that this feeling was similar to symptoms he felt prior to a surgical repair of his other shoulder. In addition, he testified that he had no problems with his left shoulder before the incident in March and that he had a "pretty good indication" he had a torn rotator cuff. Moreover, he provided written notice of the injury to his supervisor the following day. Thus, undisputed evidence reveals Employee's belief that he experienced a work injury on March 25, 2015. Yet, it is also unrefuted that he did not file a petition for benefit determination within one year of the date of this injury. In light of these circumstances, the trial court erred in concluding that the discovery rule applied and in denying Employer's motion for summary judgment based on the expiration of the statute of limitations.

Before concluding, we note Employee's June 9, 2016 petition was filed within one year of the date of the alleged fall on June 19, 2015. However, Employee's petition did not describe that event, and Employer's motion for summary judgment addressed only the March 25, 2015 accident. As discussed above, Employer is entitled to summary judgment with respect to that accident. The trial court's action in *sua sponte* amending Employee's petition to list the date of the March 25, 2015 accident did not address the June 19, 2015 fall or bring that alleged accident within the scope of the motion for summary judgment.[1]

## Conclusion

For the foregoing reasons, the decision of the trial court is reversed. The case is remanded for entry of an order of dismissal as to the March 25, 2015 claim.

---

[1] Because we reverse the decision of the trial court on other grounds, it is unnecessary to address Employer's argument that the trial court erred in *sua sponte* amending Employee's petition for benefit determination in the absence of a motion seeking such relief.



**FILED**

**August 3, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Don Johnson | ) | Docket No. 2016-08-0656 |
| | ) | |
| v. | ) | State File No. 6727-2016 |
| | ) | |
| Stanley Convergent Security Systems, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

**Concurring Opinion – Filed August 3, 2017**

---

Conner, J., concurring.

I fully concur with the majority opinion that the trial court's decision denying Employer's motion for summary judgment should be reversed. However, I also conclude that this case should be referred to the Penalty Unit of the Tennessee Bureau of Workers' Compensation for an investigation of Employer's actions in failing to provide Employee a panel of physicians following each of the reported work accidents, failing to file a first report of work injury following the March 25, 2015 accident, and failing to timely file a first report of work injury following the June 19, 2015 work accident. I offer no opinion on whether any penalty should be assessed, but conclude that the facts as presented merit a referral for an appropriate investigation by the Penalty Unit.

**FILED**

**August 3, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Don Johnson | ) | Docket No.   2016-08-0656 |
| | ) | |
| v. | ) | State File No.  6727-2016 |
| | ) | |
| Stanley Convergent Security Systems, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Richard D. Click** | | | | | X | rclick@tcmfirm.com |
| **David C. Riley** | | | | | X | driley@gwtclaw.com |
| **Robert V. Durham, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov