IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT KNOXVILLE
February 24, 2020 Session

**POTTER SOUTH EAST, LLC ET AL. V. BRIAN BOWLING V. ABIGAIL HUDGENS, DIRECTOR OF THE DIVISION OF WORKERS' COMPENSATION, TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, SECOND INJURY FUND**

**Appeal from the Circuit Court for Knox County
No. 2-314-18   William T. Ailor, Judge**
_____

**No. E2019-01009-SC-R3-WC-MAILED-APRIL 3, 2020 / FILED – JUNE 2, 2020**
_____


Brian Bowling ("Employee") was employed as a laborer for Potter South East ("Employer").  During his employment with Employer, he was constantly exposed to loud noise from jackhammers, sledgehammers, power drivers and heavy equipment.  Employee initially developed hearing loss in 2010 or 2011.  Employer filed a motion for summary judgment raising the one-year statute of limitations.  The motion was supported by the evaluating physician's C-32 report.  The trial court granted Employer's motion and entered an order dismissing Employee's claim.  Employee has appealed from that order.  The appeal has been referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51.  We affirm the judgment of the trial court.

**Tenn. Code Ann. § 50-6-225(e) (2014) (applicable to injuries occurring prior to July 1, 2014) Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT E. LEE DAVIES, SR.J., delivered the opinion of the court, in which SHARON G. LEE, J., and KRISTI M. DAVIS, SP.J., joined.

Ameesh A. Kherani, Knoxville, Tennessee, for the appellant, Brian Bowling.

David J. Otten, Knoxville, Tennessee, and Fredrick R. Baker, Cookeville, Tennessee, for the appellees, Potter South East, LLC and Technology Insurance Company.

Herbert H. Slatery III, Attorney General and Reporter, and Matt D. Cloutier, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development, Second Injury Fund.

# OPINION

## Procedural Background

This is an appeal from the Circuit Court of Knox County by Employee from the trial court's granting of a motion for summary judgment by order entered May 8, 2019. Employer filed the complaint on September 5, 2018. Employee filed his answer on September 14, 2018, and added the Tennessee Second Injury Fund as an additional party. The undisputed facts are contained in the C-32 form signed by Dr. C.M. Salekin who was the evaluating physician for Employee. Counsel for Employee filed the medical report of Dr. Salekin on September 14, 2018. On November 16, 2018, Employer filed its motion for and memorandum of law in support of summary judgment in which Employer alleged the following undisputed facts:

- Bowling was first aware of his alleged hearing loss at least as early as 2011, according to his self-report to Dr. C.M. Salekin.
- By September 4, 2012, Bowling had worked his entire life in [a] noisy environment.
- Bowling's last date of employment was September 4, 2012.
- Bowling first gave notice of his alleged hearing loss when he filed his request for [a] Benefit Review Conference on January 9, 2018.

Dr. Salekin's medical report contains the following history from Employee when he was seen on January 21, 2018:

> **History of Present Illness:**
> Mr. Bowling is a [forty-year-old] gentleman with history of no significant medical problem, other than surgeries on the back and right arm that developed hearing loss initially about [seven to eight years] ago. He also developed constant ringing in both ears at about the same time. He states all his life he worked in a noisy environment and particularly his last [three to four years] of employment was in construction where he was constantly exposed to loud noise from jackhammers, sledgehammers, power drivers and heavy equipment operation for his entire shift of work. His hearing problem was initially noticed by family members when he was found to be loud on the phone, asked the same question more than once during social conversations and raised the volume of TV which was annoying for other family members. On request of family members[,] he had a hearing test done on 10-9-17 which showed hearing loss in high frequencies, suggestive of occupational hearing loss. At present he does not use hearing aids.

2

**Occupational History:**
He has been off work since September 4, 2012[,] and prior to that he worked in construction for about [three to four years] and prior to that he worked as a welder for about [fifteen years]. He was exposed to chronic loud noise at work from jackhammers, power drives, heavy equipment operation, and sledgehammers for the entire shift of his work. He was also exposed to loud noise while working as a welder.

Neither party submitted any other proof pursuant to Rule 56 of the Tennessee Rules of Civil Procedure.

The trial court heard the motion for summary judgment and considered the information contained in the C-32 form. In its ruling granting the motion, the trial court found that the statute of limitations was one year from the date of last employment and that pursuant to the "discovery rule," the statute of limitations began to run when Employee knew or reasonably should have known that his injury was caused by his employment by the time he terminated his employment on September 4, 2012. Accordingly, the trial court found that the statute of limitations expired on September 4, 2013, and barred Employee's cause of action.

## Analysis

The sole issue on appeal is whether the trial court erred in granting summary judgment based upon the statute of limitations. On the appeal of a motion for summary judgment, we view the facts in favor of the non-moving party. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; Rye v. Women's Care Ctr. of Memphis, MPLLC, 477 S.W.3d 235, 250 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452 (2016).

We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. Rye, 477 S.W.3d at 250 (citations omitted). The moving party may satisfy its burden of production either 1) by affirmatively negating an essential element of the non-moving party's claim or 2) by demonstrating that the non-moving party's evidence at the summary judgment stage is insufficient to establish the non-moving party's claim or defense. Id. at 264.

When a motion for summary judgment is properly supported, the non-moving party, in order to survive summary judgment, may not rest upon the mere allegations or denials of its pleading but must respond using affidavits or one of the other means provided in Rule 56 to set forth specific facts showing that there is a genuine issue for trial. Id. at 265. "The

3

non-moving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the non-moving party." Id. "[S]ummary judgment should be granted if the non-moving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial." Id. (citing Tenn. R. Civ. P. 56.04, 56.06).

With gradually occurring injuries such as hearing loss, the notice and calculation of the statute of limitations are more difficult to ascertain as these types of injuries can occur over a lengthy period of time and are rarely attributable to a single incident. See Hill v. Whirlpool Corp., No. M2011-01291-WC-R3-WC, 2012 WL 1655768, at *4 (Tenn. Workers' Comp. Panel May 10, 2012); Lawson v. Lear Seating Corp., 944 S.W.2d 340, 341 (Tenn. 1997). In these types of cases, the Tennessee Supreme Court has applied the discovery rule which provides that "[t]he statute of limitations commences to run 'at that time when the employee, by a reasonable exercise of diligence and care, would have discovered that a compensable injury had been sustained.'" Gerdau Ameristeel, Inc. v. Ratliff, 368 S.W.3d 503, 509 (Tenn. 2012) (quoting Bellar v. Baptist Hosp., Inc., 559 S.W.2d 788, 789–90 (Tenn. 1978)). In fact, our courts have recognized that "an employee who sustains a gradually-occurring injury may be unsure of the cause of his or her injury, and therefore relieved of the notice requirement, until the diagnosis is confirmed by a physician." Banks v. United Parcel Serv., Inc., 170 S.W.3d 556, 561 (Tenn. 2005) (citations omitted).

The Tennessee Supreme Court has also found that in the case of a gradually occurring injury, the last-day-worked rule is used to help identify a date on which the injury occurred. Bldg. Materials Corp. v. Britt, 211 S.W.3d 706, 711 (Tenn. 2007) (citing Lawson, 944 S.W.2d at 341–42; Barker v. Home-Crest Corp., 805 S.W.2d 373, 375 (Tenn. 1991)). The policy behind the last-day-worked rule is to prevent "workers with gradually occurring injuries from losing the opportunity to bring workers' compensation claims due to the running of the statute of limitations." Id. We agree with the dicta in Estate of Jenkins v. Goodyear Tire & Rubber Co., No. W2014-02303-SC-R3-WC, 2016 WL 1020832, at *3 n.1 (Tenn. Workers' Comp. Panel Mar. 15, 2016) that the last-day-worked rule "is remedial in effect and was designed to save claims, not to bar them." Therefore, it is entirely possible under a given set of facts that an employee who filed a claim more than one year after his last day worked would not be barred by the last-day-worked rule if the employee, by the exercise of diligence and care, was unable to discover that a compensable injury had been sustained until sometime later.

Unfortunately, in this case, as in Estate of Jenkins, there is no evidence in the record from Employee himself. The only proof of what Employee knew is in the medical report of Dr. Salekin. The report shows Employee, who was forty years old at the time of his exam, had experienced hearing loss in 2010 or 2011, had all his life worked in a noisy environment, and particularly in his last three to four years of employment was exposed to

4

jackhammers, sledgehammers, power drivers and heavy equipment operation for his entire shift of work.

Tennessee Code Annotated section 50-6-235(c)(1) provides that "any party may introduce direct testimony from a physician through a written medical report on a form established by the commissioner." Tenn. Code Ann. § 50-6-235(c)(1) (2014) (applicable to injuries occurring prior to July 1, 2014). The statute goes on to provide that the medical report of the treating or examining physician shall be admissible at any stage of the workers' compensation claim in lieu of a deposition. Id. § 50-6-235 (c)(2). Employee filed his response to Employer's statement of undisputed facts. In his response, Employee contended he was not aware that he had an occupational hearing loss related to his employment with Potter South East until he underwent a hearing test on October 9, 2017. However, missing from the additional "facts" in Employee's response is any specific citation to the record supporting his contention that such facts are in dispute. See Tenn. R. Civ. P. 56.03. If the non-moving party is attempting to demonstrate a genuine issue for trial, he must use an affidavit, or as otherwise provided in the rule, to set forth facts that would be admissible in evidence. Unfortunately for Employee, there is no affidavit, interrogatory answer, or deposition in the record to support his contention that he was not aware until October 9, 2017, that his hearing loss was related to his employment. We think the undisputed proof set forth in the C-32 form is sufficient to establish an undisputed inference that Employee knew he had a work-related injury as far back as 2010 when he was in his early thirties. There is no countervailing proof. Given these facts, a reasonably prudent person should have sought a doctor's opinion long before October 9, 2017, and therefore the one-year statute of limitations bars Employee's claim.

## Conclusion

The judgment of the trial court is affirmed. Costs are taxed to Brian Bowling, for which execution may issue if necessary.

_____
ROBERT E. LEE DAVIES, SR. JUDGE

5