KNOX STOVE WORKS *v.* S. H. HODGE.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. **WORKMEN'S COMPENSATION ACT.   Employer's liability for physicians' services rendered by contract to an injured employee. Jurisdiction.**

In a suit by physician to collect under a contract with an employer, for services rendered an injured employee, there is no controversy between employer and employee, and jurisdiction of such suit lies in same tribunals that have jurisdiction of a suit for like amount upon any other contract. (Post, p. 188.)

**Question Reserved.** As to whether the attending physician of the injured employee, when no special contract exists between that physician and the employer, may maintain a direct suit against the employer for services, so rendered.   (Post, p. 192.)

2. **SAME.   Recovery for medical services.   Jurisdiction.**

Employee's suit for value of medical aid procured under the last paragraph of section 26; and employee's suit for failure to furnish by first paragraph of the section, jurisdiction of such actions would be in courts named in section 32. (Post, p. 192.)

Citing: Workmen's Compensation Act; Acts 1919, ch. 123, secs. 25, 26, 32.

3. **SUPREME COURT PRACTICE.   Transfer of case to Court of Appeals.**

Where jurisdiction of an appeal in error is in Court of Appeals, and a formal affirmance of the judgment of the lower court is proper, an order will be entered here transferring the case. (Post, p. 193.)

---

*Headnotes 1.   Justices of the Peace, 35 C. J., Section 60; 2. Courts, 15 C. J., Sections 553, 554.

---

FROM KNOX.

---

Appeal in error from Knox Law Court of Knox County.
—HON. A. C. GRIMM, Judge.

W. O. LOWE, for appellant.

C. RALEIGH HARRISON and WAYNE PARKEY, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

An employee of the plaintiff in error, Knox Stove
Works, was injured while engaged in the course of his
employment, under such circumstances as to render plain-
tiff in error liable under the Workmen's Compensation
Act, Chapter 123 of the Acts of 1919. The defendant in
error, Dr. S. H. Hodge, treated the employee for his in-
juries and brought this suit to recover of plaintiff in
error for such professional services. The suit was
brought before a Justice of the Peace where judgment was
rendered in favor of Dr. Hodge for $28. This judgment
was affirmed in the circuit court and the Knox Stove
Works has appealed in error to this court.

The only question open to plaintiff in error in the con-
dition of the record is the jurisdiction of a Justice of the
Peace to entertain such a suit. If the Justice of the Peace
had no jurisdiction, the appeal to the circuit court car-
ried no jurisdiction to the latter Tribunal, and the entire
proceedings below was ineffectual.

On the trial in the circuit court, Dr. Hodge testified
that he rendered the services he was suing for to the Knox
Stove Works; that they employed him to render said serv-
ices by implication; and he had been doing the work of
the Knox Stove Works "rendering first aid and profes-

sional services to their employees off and on for a year;''
that he talked to the Manager of defendant company
about this bill and that the Manager did not disclaim lia-
bility at all, but the only question was as to the amount
of the bill.

The trial Judge wanted further light on the situation
and asked that the Manager of defendant company be
put on the stand.    Thereupon, to avoid bringing the
Manager into court, counsel for plaintiff in error stated
in open court that ''the defendant would concede every-
thing necessary to a recovery of the plaintiff against the
defendant except the question of jurisdiction.''

Upon this concession the Circuit Judge awarded a
judgment to the plaintiff below and we think this action
was correct.

The court may very well have concluded from the evi-
dence we have detailed above that the defendant in error
was regularly retained by the plaintiff in error to render
medical attention to such of the employees of the latter
as were hurt in the course of their employment, and that
plaintiff in error had undertaken to assume liability for
such services.    The concession of counsel seemed to con-
firm the existence of such a contract.

The contention of the plaintiff in error as to the juris-
diction of a Magistrate in the premises is based upon sec-
tion 32 of Chapter 123 of the Acts of 1919, conferring
jurisdiction of controversies with reference to ''compen-
sation under this Act between the employer and em-
ployee or the dependents of the employee'' upon the
Judge or Chairman of the county court, the circuit, crim-
inal or chancery court, concurrently, of the county in
which petitioner resides or in which the alleged accident

happens; and upon the provisions of the first and last paragraphs of section 25 of the Act, as follows:

"Sec. 25. Be it further enacted, That during the thirty days after the notice required by section 23 of this Act to be given the employer or his agent, the employer shall furnish free of charge to the injured employee such medi· cal and surgical treatment, medicine, medical and surgical supplies, crutches and apparatus as may be reasonably required, and the injured employee shall accept the same; and at the option of the employer he may furnish the same free of charge to the injured employee for such length of time after the expiration of the thirty days as the employer may elect, and the employee shall accept the same. Provided, however, that the total liability of the employer under this section shall not exceed one hundred dollars, and, provided further, that the pecuniary liability of the employer for such services rendered the employee shall be limited to such charges as prevail for similar treatment in the community where the injured employee resides. All cases of dispute as to the value of such services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation."

"If in an emergency or on account of the employer's failure or refusal to provide the medical care and service required by this Act, the injured employee or his dependents may provide the same, and the cost thereof, not exceeding one hundred dollars, shall be borne by the employer; provided, that the pecuniary liability of such employer shall be limited to the charges for such service as prevail in the community where the services are rendered. All cases of dispute as to the value of such

services shall be determined by the tribunal having juris-diction of the matter of compensation to the employee.''

The first paragraph of section 25 deals with the case in which the employer undertakes to furnish medical treat-ment. The second paragraph of that section deals with the case of an emergency or the failure of the employer to provide medical treatment, in which the employee or his dependents provide the same.

In the latter case, where the employee or his depend-ents seek to recover of the employer expenses on such account, the dispute is obviously to be determined by the Tribunal having jurisdiction of the matter of compensa-tion to the employee or his dependents.

While there is a broad provision in the first paragraph of section 25 that all cases of dispute as to the value of medical services shall be referred to the Tribunal hav-ing jurisdiction of the claim of the injured employee for compensation, we think this means a dispute between the employee and the employer—as to whether the em-ployer has furnished medical services, etc., equal to the requirements in the context.

It was not, in our opinion, the intention of chapter 123 of the Acts of 1919, to prevent an employer from making a contract with a competent physician to look after the injured employees of such employer. Nor do we think it was the intention of the Act to deal with controversies between such employer and such physician with respect to their rights under such contract. The jurisdiction specially conferred upon the various courts in section 32 of the Act, excluding Magistrates' Courts, was of dis-putes with reference to ''compensation under this Act

between the employer and employee or the dependents of the employee.''

If the employee should sue for the value of medical services that he procured for himself, under the last paragraph of section 25, jurisdiction of such a suit would be in the courts named in section 32. Likewise if the employee should sue for the failure of the employer to furnish the medical services required of the employer by the first paragraph of section 25, jurisdiction of such a suit would be in the courts named in section 32. Both suits would involve, as a matter of fact, compensation to which the employee might be entitled under the Act. Other similar cases can be supposed.

The case before us, however, is a suit of a Doctor for services rendered under a contract with an employer. There is here no controversy between employer and employee. Chapter 123 of the Acts of 1919 is one to provide a system of Workmen's Compensation, and, according to its caption, among other things, ''to provide methods for insuring and securing the payment of such compensation.''

The suit here does not rest upon chapter 123 of the Acts of 1919, but is based upon a contract, and jurisdiction of such a suit lies in the same tribunals that have jurisdiction of a suit for like amount upon any other contract.

We do not find it necessary to express any opinion as to whether the attending physician of the injured employee, when no special contract existed between that physician and the employer, might maintain a direct suit against the employer for services rendered the employee.

The proof here and the concession of counsel for plaintiff in error makes out a special contract.

It follows from the foregoing that the Justice of the Peace before whom this suit was tried had jurisdiction thereof, and as the case was submitted to the circuit court, that court could do nothing but affirm the Magistrate's judgment.   Since the case is not one arising under the Workmen's Compensation Act, jurisdiction of this appeal in error is in the Court of Appeals.   An order will, therefore, be entered here transferring the case to the Court of Appeals for formal affirmance.