WEAKLEY COUNTY HOSPITAL *v.* KENTUCKY-TENNESSEE
LIGHT & POWER CO.

(*Jackson*, April Term, 1937.)

Opinion filed July 3, 1937.

J. W. Rankin, of Martin, for defendant in error.

Charles L. Neely, of Memphis, for plaintiff in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit by Weakley County Hospital to recover from Kentucky-Tennessee Light & Power Company the sum of $212.50, a hospital bill incurred by one Finch, an employee of defendant, who was injured in the course of his employment. There was a judgment for the plaintiff below, affirmed by the Court of Appeals, and defendant has filed a petition for *certiorari*.

There is no controversy about the facts. One of defendant's officials had Finch taken to the complainant hospital while the latter was in unconscious condition. This official instructed the superintendent of the hospital to admit Finch and to procure Dr. R. W. Brandon to attend him. Finch remained in the hospital for forty-six days. It is conceded that he received proper attention at the hospital and no question is made on the amount of the hospital's bill for accommodation and services to the patient.

It is the contention of the defendant that, since it was operating under the Workmen's Compensation Act (Code

1932, section 6851 et seq.) and complainant hospital knew that Finch was its employee, the extent of defendant's liability is $100, which is the maximum amount that an employee can recover from his employer for hospital bills under section 6875 of the Code.

In *Knox Stove Works* v. *Hodge*, 154 Tenn., 187, 289 S. W., 505, 506, we held that a justice of the peace, although without jurisdiction to hear a case arising under the workmen's compensation statute, did have jurisdiction to hear the suit of a doctor suing an employer upon contract for services rendered an injured employee. In that case we said:

"It is not, in our opinion, the intention of chapter 123 of the *Acts 1919 to prevent an employer from making a contract with a competent physician to look after the injured employees of such employer. Nor do we think it was the intention of the act to deal with controversies between such employer and such physician with respect to their rights under such contract. . . . The case before us, however, is a suit of a doctor for services rendered under a contract with an employer. There is here no controversy between employer and employee. Chapter 123 of the Acts of 1919 is one to provide a system of workmen's compensation, and, according to its caption, among other things, 'to provide methods for insuring and securing the payment of such compensation.' The suit here does not rest upon chapter 123 of the Acts 1919, but is based upon a contract, and jurisdiction of such a suit lies in the same tribunals that have jurisdiction of a suit for like amount upon any other contract."

In line with the foregoing, it is quite generally held that Compensation Acts determine the rights of those

persons to whom such statutes are applicable, that is, employers and employees. That such statute does not deprive a physician or hospital of the right to recover against an employer for services rendered to an injured employee, under a contract with such employer, either express or implied. *Ross* v. *Austin Drilling Co.*, 131 Kan., 824, 293 P., 757; *Collins* v. *Joyce*, 146 Minn., 233, 178 N. W., 503; *Ferren* v. *S. D. Warren Co.*, 124 Me., 32, 125 A., 392; *Dias* v. *New Jersey Manufacturers' Cas. Ins. Co.*, 132 A., 101, 4 N. J. Misc., 102; *Siegal* v. *Strauss*, 138 Misc., 380, 245 N. Y. S., 688. Other cases are collected under a note, 72 A. L. R., 1016, and under 71 C. J., 784, note 64.

The statutes considered in some of these cases provide that doctors' fees and hospital bills shall be fixed by Industrial Commissions. In Minnesota and Kansas, however, the statutes fix a maximum amount for which the employer is liable on account of doctors' bills and hospitals' bills. But in all the cases cited the courts held that the statutes did not reach contracts between physicians, or hospitals, and employers, and that physicians and hospitals were entitled to recover of employers the value of services rendered under such contracts.

We doubt that there is evidence to show any express contract between complainant and defendant in this case whereby the latter was rendered liable for Finch's hospital bill. We do think there was an implied contract of this nature. At common law, when one secures services to be rendered, whether rendered to himself or to another, there is an implied contract to pay for such services. For reasons of humanity an exception is made generally in favor of one calling a doctor for another. Otherwise a neighbor or stranger might

hesitate to call for a physician to attend a stricken man unable to make such call himself. This exception, however, does not apply 'to one under a legal obligation to supply medical services to another. 48 C. J., 1163, 21 R. C. L., 412, and cases cited above.

In the case before us the Workmen's Compensation Act imposed a legal obligation upon defendant to supply medical and hospital services for Finch. Were this not true, we doubt that the humane exception from liability made in favor of one calling a doctor would apply in case of one taking an unconscious man to a hospital and arranging for his reception and treatment there.

In most of the cases above cited in which the employer was held liable to the doctor, there was an express contract between the doctor and the employer. We see no reason for making a distinction, however, between the rights of such parties under an express contract and an implied contract. If the terms of the Compensation Act were applicable, they would be read into an express contract as well as into an implied contract.

The Workmen's Compensation Act was not mentioned to the complainant by any agent of the defendant until after Finch had been discharged from the hospital, nor did any agent of the defendant ever notify complainant that defendant intended to limit its liability by the terms of the Workmen's Compensation Act.

For the reasons stated, the petition for *certiorari* is denied.