BRANDON *v.* KENTUCKY-TENNESSEE LIGHT & POWER CO.

(*Jackson,* April Term, 1938.)

Opinion filed May 27, 1938.

CHARLES L. NEELY, of Memphis, for appellant, Light & Power Co.

J. W. RANKIN, of Martin, for appellee, Brandon.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree in favor of the complainant, defendant appealed to the Court of Appeals. That court affirmed the chancellor and we have granted the petition for *certiorari* to review the action of the Court of Appeals.

This is a companion case to *Weakley County Hospital* v. *Kentucky-Tennessee Light & Power Company,* 171 Tenn., 662, 107 S. W. (2d), 226. As appears from the statement of facts in that case, an employee of the defendant company sustained an accident in the course of his employment. He was taken to the Weakley County Hospital by an official of defendant company. The employee was unconscious at the time and the company official told the hospital authorities to give him a room and the necessary attention and to procure the services of Dr. R. W. Brandon.

The employee remained in the hospital for forty-six days. The hospital bill was $212.50. Dr. Brandon's bill was $403.00. The defendant company contended that its liability was limited by the provisions of section 6875 of the Code and that it was only liable for a maximum of $100.00 hospital fees and $100.00 doctor's bill.

The hospital and Dr. Brandon each brought suit against the company. As shown in the case of *Weakley County Hospital* v. *Kentucky-Tennessee Light & Power Company, supra,* we were of opinion that the hospital was entitled to recover the full amount of its bill. That

the provisions of the Compensation Act did not govern the implied contract between the hospital and defendant company wherein the latter was to supply accommodations to defendant's employee. It was noted in the opinion that (page 666), ''The Workmen's Compensation Act was not mentioned to the complainant ·by any agent of the defendant until after Finch had been discharged from the hospital, nor did any agent of the defendant ever notify complainant that defendant intended to limit its liability by the terms of the Workmen's Compensation Act.''

As to Dr. Brandon, the circumstances are entirely different. This employee was admitted to the hospital and Dr. Brandon was called by the hospital on May 1, 1935. On May 6, 1935, defendant's insurer, The Employers' Liability Assurance Corporation, Limited, wrote Dr. Brandon as follows:

''Dear Sir:

''Re Accident to Houston Finch—May 1, 1935

''Employe of Kentucky-Tenn. Light & Power Co.

''We insure the employer in the above entitled case under the Compensation Act, and note from advices received that the injured employe was referred to you for treatment. Kindly fill out the enclosed 'Report of Attending Physician', form, and forward to us by return mail.

''When you dismiss the injured employe from your care, kindly fill out the form 'Final Report and Bill of Attending Physician', also inclosed, and return promptly to us.

''If any complications arise in the case, kindly advise us at once.

''You will please understand that the case is to be

dealt with according to the medical provisions of the Workmen's Compensation Act, with which you are no doubt familiar, and by which you should be governed.

"Your compliance with the requests made herein will be highly appreciated, as it will be to the direct and immediate advantage of the injured employe, for whose special benefit the Workmen's Compensation Act was enacted."

In compliance with this request, Dr. Brandon filled out a report respecting the employee's injuries, necessary treatment, etc., and mailed this report to the insurer.

Dr. Brandon was thus clearly notified five or six days after he had undertaken this case that the insurer had assumed responsibility and the doctor was requested to send a detailed report to the insurer and, when the injured employee was dismissed, to send his bill to the insurer. Then the doctor was particularly admonished to "understand that the case is to be dealt with according to the medical provisions of the Workmen's Compensation Act, with which you are no doubt familiar, and by which you should be governed."

The medical provisions of the Workmen's Compensation Act, section 6875 of the Code, include a provision "that the total liability of the employer under this section shall not exceed one hundred dollars; and an additional one hundred dollars for hospital expenses."

It is somewhat hard to understand how a surgeon of repute and experience could have escaped during his practice information as to the medical provisions of the Workmen's Compensation Act. At any rate, the complainant, like others, is presumed to know the law and his attention was directly called to this statute.

The letter from the insurer was plain notice that the

insurer was paying the doctor's bill but that it did not assume liability beyond $100.00. The doctor apparently acquiesced in this. He did not reply to the insurer's letter except by the report requested, which he made to the insurer.

Dr. Brandon testified that he talked to Mr. Cherry, a superintendent of defendant company, a long time after the employee came to the hospital; that Mr. Cherry said something to him about the insurance; that Mr. Cherry did not say the defendant company would pay the bill but said that "they would work the bill out some way."

This is far from a promise on Cherry's part that defendant company would pay the bill. Cherry may have meant that they would work it out of the employee's pay when he went back to work or that he would work it out of the insurance company. The doctor admits that Cherry did not promise to pay the bill in as many words and that he (Dr. Brandon) knew the insurance company was going to pay but $100.00.

From Dr. Brandon's testimony, it seems that the foregoing conversation with Mr. Cherry did not take place until the greater part of the services to the employee had been rendered. Little could have been done, therefore, by the doctor on the faith of such conversation.

For the reasons stated, we think the courts below were in error in awarding recovery to Dr. Brandon for the full amount of his bill. He is entitled to judgment for $100, which will be entered here. He will be taxed with three-fourths of the costs.