FILED
Feb 14, 2023
10:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Johnny Acevedo, Decedent<br>by April Acevedo, Surviving Spouse<br><br>v.<br><br>Crown Paving, LLC, et al.<br><br><br><br>Appeal from the Court of Workers'<br>Compensation Claims<br>Kenneth W. Switzer, Chief Judge | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.    2021-06-1453<br><br>State File No.  61125-2021<br><br><br><br><br><br><br>Heard January 27, 2023<br>in Nashville, Tennessee |

---

### Reversed and Remanded

---

This interlocutory appeal presents a procedural issue of first impression: Can a medical provider who has provided treatment to an injured worker intervene in an action pending in the Court of Workers' Compensation Claims to protect its interest in the payment of medical bills arising from such treatment? The trial court answered that question in the affirmative and granted the motion to intervene, and the employer has appealed. Upon careful consideration of the pertinent statutory provisions, applicable rules, and relevant precedent, we reverse the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

A. Allen Grant, Nashville, Tennessee, for the employer-appellant, Crown Paving, LLC

Jill Draughon, Nashville, Tennessee, for the appellee, April Acevedo, as Surviving Spouse of Johnny Acevedo, Decedent

Catheryne L. Grant, Brentwood, Tennessee, for the appellee, HTI Memorial Hospital Corp. d/b/a Skyline Medical Center

### Factual and Procedural Background

Johnny Acevedo ("Employee" or "Decedent") worked for Crown Paving, LLC ("Employer"). On July 27, 2021, while working in a hot environment, Employee collapsed, struck his head on concrete, and was transported to a local hospital, Skyline

1

Medical Center ("Skyline"). On August 18, 2021, Employer denied Employee's claim, asserting that: (1) Employee suffered a syncopal episode on the date of the accident that did not arise primarily out of the employment; and (2) his subsequent fall and head injury were idiopathic in nature. Tragically, Employee passed away on August 26, 2021. The death certificate listed the "immediate cause" of death as "traumatic subarachnoid hemorrhage and skull fracture" and noted "accident" as the "manner of death." It also listed diabetes mellitus as an "other significant condition[] contributing to death." Employee's surviving spouse, April Acevedo ("Claimant"), filed a petition seeking death benefits under the Tennessee Workers' Compensation Law for herself and her minor dependent.

After Claimant filed the petition for benefits in the Court of Workers' Compensation Claims, Skyline filed a motion to intervene in Claimant's cause of action pursuant to Rule 24 of the Tennessee Rules of Civil Procedure. In support of its motion, Skyline alleged that, between the date of Employee's injury and the date of his death, Employee's medical expenses while at Skyline Medical Center exceeded $700,000.00. Skyline asserted that, if the court concludes Employee's death arose primarily out of and in the course and scope of his employment, they are entitled to payment of those expenses by Employer or its workers' compensation insurer. Moreover, Skyline argued that a permissive intervention can be granted pursuant to Rule 24.02 if Skyline's claim and Claimant's claim "have a question of law or fact in common."

In response to Skyline's motion, Employer presented four arguments. First, it argued that Claimant and Skyline are "colluding to deter Employer from standing firm on its denial." Second, it asserted that allowing intervention is "not judicially efficient." Third, Employer argued that Skyline's interests and Claimant's interests are "completely aligned," making a permissive intervention unnecessary. Finally, Employer asserted that a medical provider's interest in seeking the payment of medical expenses does not fall within the meaning of the word "claim" as that term is used in pertinent workers' compensation statutes or regulations and, thus, the Court of Workers' Compensation Claims cannot exercise jurisdiction over a medical provider's claim for the payment of medical expenses.

Upon consideration of the motion and each party's written arguments, the trial court entered an order granting Skyline's request for permissive intervention. In making this determination, the trial court reasoned that "Skyline's interests are aligned closely, but are not identical to, those of the surviving dependents." The court also concluded that issuing an order for the payment of medical benefits is within the "fairly broad grant" of statutory authority given to the Court of Workers' Compensation Claims as stated in various provisions of Tennessee's Workers' Compensation Law. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). Conversely, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).

A trial court's order granting or denying permissive intervention under Rule 24.02 of the Tennessee Rules of Civil Procedure is generally reviewed under an abuse of discretion standard. *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 192 (Tenn. 2000) ("In exercising that discretion, the court must consider whether the intervention will unduly delay or otherwise prejudice the rights of the original parties."). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citations omitted). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

On appeal Employer has raised two issues: (1) whether medical providers can intervene and become "formal parties" to workers' compensation claims; and (2) whether the trial court abused its discretion in permitting Skyline to intervene. Because subject matter jurisdiction is a threshold issue, we address it before considering other issues. *See Nickerson v. Knox Cnty. Gov't*, No. 2019-03-0559, 2020 TN Wrk. Comp. App. Bd. LEXIS 18, at *3-4 (Tenn. Workers' Comp. App. Bd. Apr. 17, 2020).

*Subrogation*

Initially, we address Skyline's characterization of its interest as a "subrogation lien." Subrogation is defined as "the substitution of another person in place of a creditor, so that the person in whose favor it is exercised *succeeds to the rights of* the creditor in relation to the debt." *Old Republic Life Ins. Co. v. Woody*, 652 S.W.3d 418, 427 (Tenn. Ct. App. 2022) (emphasis added). Here, Skyline cannot "step into the shoes of" a creditor because it already holds the position of creditor with respect to the services it provided to Decedent. Moreover, there has been no determination regarding whether Decedent's accident arose primarily out of and in the course and scope of his employment, nor has there been a determination that Decedent's death was caused by a compensable accident. Thus, at this

3

interlocutory stage of the case, Skyline cannot assert a legal claim against Employer or its workers' compensation insurer because no such claim exists. Further, its claim for the payment of medical bills, as it currently exists, is not a "subrogation lien" and is not in the nature of subrogation because Skyline is not in a position to "succeed to the rights of" any entity. If the trial court were to deem the claim compensable, the entitlement to medical benefits under Tennessee's Workers' Compensation Law, including the payment of medical bills already incurred, belongs to Decedent and, in turn, his surviving spouse or estate. It does *not* belong to Skyline, and nothing in the Workers' Compensation Law assigns Skyline as a successor in interest upon Decedent's death. If, on the other hand, the trial court were to conclude Decedent's fall did not arise primarily out of the employment, Skyline's claim for the payment of medical bills would appropriately be directed to Decedent's estate.

*Subject Matter Jurisdiction*

Next, we consider whether the Court of Workers' Compensation Claims has subject matter jurisdiction over a third party's interest in securing the payment of medical bills. It is well-established that workers' compensation claims are "entirely creatures of statute." *Gerdau Ameristeel, Inc. v. Ratliff*, 368 S.W.3d 503, 506 (Tenn. 2012). Tennessee's legislature has "broad discretion . . . to define the claims and to prescribe the procedure for recovering workers' compensation benefits." *Id.* As expressed in Tennessee Code Annotated section 50-6-103, the General Assembly created our Workers' Compensation Law to ensure that "[e]very *employer* and *employee* subject to this chapter shall, respectively, pay and accept compensation for personal injury or death by accident arising primarily out of and in the course and scope of employment." (Emphasis added.)

When the General Assembly passed the 2013 Workers' Compensation Reform Act ("Reform Act"), it created the Court of Workers' Compensation Claims and vested it with the authority to "hear and determine claims for compensation, . . . and to make orders, decisions, and determinations." Tenn. Code Ann. § 50-6-238(a)(3). Moreover, the legislature directed judges on the Court of Workers' Compensation Claims to "conduct hearings in accordance with the Tennessee Rules of Civil Procedure, the Tennessee Rules of Evidence, and the rules adopted by the bureau [of workers' compensation]." *Id.* In circumstances where the Administrator of the Bureau has adopted a rule that conflicts with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence, "the rule adopted by the administrator shall apply." Tenn. Code Ann. § 50-6-239(c)(1).

Tennessee Code Annotated section 50-6-204 governs an injured worker's entitlement to medical benefits under Tennessee's Workers' Compensation Law. An employer is required to furnish, "free of charge to the employee," all medical treatment "made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). This section also provides that "[t]he liability of the employer for the services provided *to the employee* shall be limited to the maximum allowable fees that are

4

established in the applicable medical fee schedule adopted pursuant to this section." Tenn. Code Ann. § 50-6-204(a)(3)(A)(iii) (emphasis added). As we have noted previously, an employer who elects to deny a claim takes the risk that it will be held liable for medical expenses incurred by the injured worker if the claim is later deemed compensable. *See, e.g.*, *Young v. Young Electric Co.*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at \*16 (Tenn. Workers' Comp. App. Bd. May 25, 2016) (citing *GAF Bldg. Materials v. George*, 47 S.W.3d 430, 433 (Tenn. Workers' Comp. Panel 2001)). Notably, nothing in Tennessee Code Annotated sections 50-6-103 or -204 speaks to the rights and obligations of any entity other than employees and employers.

Employer has argued that a medical provider's entitlement to the payment of medical expenses incurred by an injured worker is not within the scope of the word "claim" as that term is defined in the context of Tennessee's Workers' Compensation Law. Although our workers' compensation statutes do not define the word "claim," the rules adopted by the Administrator do. In Tenn. Comp. R. and Regs. 0800-02-21-.02(7), the word "claim" is defined to mean "[a]n employee's request for benefits available under the Workers' Compensation Law." Here, there can be no doubt that Claimant's petition includes a request for medical expenses incurred by Decedent arising from what Claimant asserts was a work-related accident. Hence, if the court were to conclude Decedent's accident arose primarily out of and in the course and scope of the employment, Claimant's "claim" would necessarily include "such medical and surgical treatment . . . and hospitalization . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). That does not, however, answer the question regarding whether the medical provider itself can maintain a claim in the Court of Workers' Compensation Claims for the payment of medical bills.

Early in the development of Tennessee's workers' compensation jurisprudence, the Tennessee Supreme Court was faced with an issue regarding a physician's claim for the payment of medical expenses arising from a work-related injury. In *Knox Stove Works v. Hodge*, 289 S.W. 505 (Tenn. 1926), a physician treated an employee of the defendant-employer following the employee's work-related injury. *Id.* at 505. Thereafter, the physician sued the employer for payment of the medical bill resulting from treatment of the injured worker, and a justice of the peace entered a judgment for the physician. *Id.* at 506.[1] The question on appeal was whether the justice of the peace had jurisdiction to entertain the claim of a physician for medical bills arising from a work-related injury. In disputing jurisdiction, the employer argued that the claim should have been brought pursuant to Tennessee's Workers' Compensation Law and, therefore, a justice of the peace was without subject matter jurisdiction to hear the dispute. *Id.* The applicable workers' compensation statute contained a provision that stated, "[a]ll cases of dispute as to the value

---

[1] In that suit, the physician asserted he had provided treatment to the injured worker based on a contract with the employer "by implication," given that he had provided "first aid and professional services to their employees off and on for a year." *Id.*

of such [medical] services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation." *Id.*

Nevertheless, the Tennessee Supreme Court rejected the assertion that a court having jurisdiction of workers' compensation claims would be the proper forum to hear a dispute brought by a medical provider for the payment of medical bills arising from a work-related injury. The Court's rationale is instructive for purposes of the present case:

> If the *employee* should sue for the value of medical services that he procured for himself . . ., jurisdiction of such a suit would be in the courts named [in the Workers' Compensation Law]. Likewise[,] if the *employee* should sue for the failure of the employer to furnish the medical services required of the employer by [the Workers' Compensation Law], jurisdiction of such a suit would be in the courts named in [the Workers' Compensation Law]. Both suits would involve, as a matter of fact, compensation to which the *employee* might be entitled under the Act. Other similar cases can be supposed.

> The case before us, however, is a suit of a [d]octor for services rendered under a contract with an employer. *There is here no controversy between employer and employee.* [The Workers' Compensation Law] is one to provide a system of [Workers'] Compensation, and, according to its caption, among other things, "to provide methods for insuring and securing the payment of such compensation."

> The suit here does not rest upon [the Workers' Compensation Law] but is based upon a contract, and jurisdiction of such a suit lies in the same tribunals that have jurisdiction of a suit for . . . any other contract.

*Id.* at 507 (emphases added). Thus, as the law existed when *Hodge* was decided, the claim of a medical provider for the payment of bills arising from an alleged work-related injury was in the nature of a contract claim and was not properly joined with the employee's claim for workers' compensation benefits. Instead, a cause of action filed pursuant to the Workers' Compensation Law was *the employee's* claim for any benefits to which *the employee* may be entitled under the provisions of that law.

In the present case, neither party has cited, nor have we located, any appellate decision in Tennessee's more than 100-year history of workers' compensation jurisprudence acknowledging or affirming the right of a medical provider to intervene in a workers' compensation suit for purposes of pursuing a judgment for the payment of medical bills. Instead, both parties have cited *Moore v. Town of Collierville*, 124 S.W.3d 93 (Tenn. 2004), in support of their respective positions. In *Moore*, the primary issue was whether an employee's health *insurer*, which *had paid* certain medical bills allegedly

6

arising from a work injury, was entitled to recover those amounts from the employer *that had been adjudged liable* for the work injury. *Id.* at 94-95.[2] On appeal, the "question of first impression" was whether an employer is liable to a health insurer for reasonable and necessary medical expenses incurred by an injured worker in circumstances where the health insurer had not intervened in the workers' compensation suit. *Id.* at 97. In its analysis of this issue, the Tennessee Supreme Court explained that "[w]here an employer is liable for such medical expenses, the employer must pay the medical providers directly for the costs of such care, rather than the employee personally." *Id.* at 98. However, "[w]here the employee has personally paid for the disputed medical treatment, . . . the employer shall reimburse the employee personally." *Id.*

The Supreme Court in *Moore* also addressed what it described as the "difficult issue" of a health insurer's entitlement to reimbursement with or without intervention. In its discussion of this issue, the Court noted that the Workers' Compensation Law "makes it crystal clear that the employer is obligated *to the employee* to pay reasonable and necessary medical expenses for work-related injuries." *Id.* at 99 (emphasis added). The Court continued: "The workers' compensation statutes, however, do not provide for or prohibit employer reimbursement of medical expenses to a third-party health insurer . . . and they do not address the question of intervention." *Id.* Ultimately, the Court decided that "allowing health insurers to receive reimbursement without formally intervening in workers' compensation claims is consistent with the remedial nature of the workers' compensation statutes."[3] *Id.* Finally, the Court explained that "requiring health insurers to intervene in workers' compensation claims to protect their potential reimbursement interests may have a chilling effect on health insurers' willingness to pay claims that could ultimately be deemed 'work-related' and thus outside their contractual obligations." *Id.*

We conclude *Moore* does not answer the question before us. Instead, assuming *arguendo* that *Moore* remains good law despite the Supreme Court's reliance on a remedial interpretation of workers' compensation statutes, its holding, at most, stands for the proposition that a health insurer that has paid for an injured worker's treatment need not intervene in a workers' compensation suit to seek reimbursement of medical expenses.

---

[2] For purposes of the present case, it is significant to note that it was the employee, not the medical provider or the health insurer, who asserted a claim for the payment of certain medical bills under Tennessee's Workers' Compensation Law.

[3] We have previously concluded that reliance on pre-Reform Act precedent is appropriate "*unless* it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015) (emphasis added). In *Moore*, the Supreme Court expressly relied on a remedial interpretation of statutory provisions, which would make our reliance on such language precarious at best.

7

We must also consider the differences between courts that had jurisdiction of workers' compensation cases at the time *Moore* was decided versus courts having such jurisdiction now. Prior to July 1, 2014, Tennessee's courts of general jurisdiction, including circuit and chancery courts, had concurrent jurisdiction over numerous types of cases, including workers' compensation cases. *See, e.g.*, *In re: D.Y.H.*, 226 S.W.3d 327 (Tenn. 2007) (identifying Tennessee's courts of general jurisdiction as "circuit and chancery courts"). Thus, the same courts exercising jurisdiction over workers' compensation cases also heard cases involving other legal claims such as contract disputes, personal injury claims, product liability cases, etc.

In the Reform Act, however, Tennessee's General Assembly vested jurisdiction over workers' compensation cases with dates of injury on or after July 1, 2014, *exclusively* in the newly-created Court of Workers' Compensation Claims, which operates under the auspices of the Tennessee Bureau of Workers' Compensation. *See* Tenn. Code Ann. § 50-6-237 ("There is created the court of workers' compensation claims in the bureau of workers' compensation, which shall have *original and exclusive jurisdiction* over all contested claims for workers' compensation benefits."). The court's purpose is to perform "the adjudicative function within the bureau of workers' compensation." Tenn. Code Ann. § 50-6-102(8). Moreover, as noted above, the scope of Tennessee's Workers' Compensation Law is legislatively limited to the rights and obligations of employees and employers. Tenn. Code Ann. § 50-6-103.[4]

In short, we conclude that the Court of Workers' Compensation Claims, and by extension the Workers' Compensation Appeals Board, cannot exercise subject matter jurisdiction over a medical provider's claim for the payment of a medical bill.[5] It is the employee, not the medical provider, who can maintain a cause of action in the Court of Workers' Compensation Claims for the payment of medical bills arising from work-related

---

[4] One notable exception to this statement is contained in Tennessee Code Annotated section 50-6-208(a)(5), which sets out the limited circumstances in which Tennessee's Subsequent Injury and Vocational Recovery Fund can be added as a party-in-interest in a case pending in the Court of Workers' Compensation Claims.

[5] We do not intend to suggest, however, that the Tennessee Bureau of Workers' Compensation does not play a role in addressing the payment of medical bills arising from work-related injuries. Tennessee Code Annotated section 50-6-125 authorizes the creation of a "Medical Payment Committee" within the Bureau, which is vested with the authority to "hear disputes on medical bill payments between providers and insurers." Tenn. Code Ann. § 50-6-125(a)(1) (2022). Moreover, if the Medical Payment Committee refers a medical provider or insurer for a penalty assessed under Tennessee Code Annotated section 50-6-118, the aggrieved party can appeal by seeking a "contested case hearing" under the terms of the Uniform Administrative Procedures Act ("UAPA"). Further appeal of such a determination is to the Chancery Court of Davidson County, as specified in Tennessee Code Annotated section 4-5-322(b)(1). At no point in the processes outlined in sections 50-6-125 and 50-6-118(c) does the Court of Workers' Compensation Claims or the Workers' Compensation Appeals Board have jurisdiction to hear disputes between medical providers and employers or their insurers over the *provider's* claim for payment of outstanding medical bills.

injuries.[6] Consequently, we further conclude the trial court abused its discretion in granting Skyline's motion to intervene. All other issues raised in this appeal are pretermitted.

## Conclusion

For the foregoing reasons, we reverse the trial court's order allowing Skyline's intervention and remand the case. Costs on appeal are taxed to Skyline.

---

[6] Although not raised by any party, we note that Tennessee Code Annotated section 50-6-226(a)(4) authorizes the Court of Workers' Compensation Claims to assess whether the "fees of physicians and charges of hospitals" are "reasonable." By its express terms, that provision limits the authority of the trial court to resolving disputes between *parties* over *the reasonableness* of such fees. We do not interpret that language to expand the subject matter jurisdiction of the Court of Workers' Compensation Claims to the claims of medical providers asserting entitlement to the payment of medical bills.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Johnny Acevedo, Decedent<br>by April Acevedo, Surviving Spouse | ) ) ) | Docket No. 2021-06-1453 |
| | ) | State File No. 61125-2021 |
| v. | ) ) | |
| Crown Paving, LLC, et al. | ) ) ) | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Kenneth M. Switzer, Chief Judge | ) ) ) | Heard January 27, 2023<br>in Nashville, Tennessee |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of February, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| A. Allen Grant | | | | X | agrant@eraclides.com<br>bnorris@eraclides.com |
| Jill Draughon | | | | X | jdraughon@hughesandcoleman.com<br>dforbes@hughesandcoleman.com |
| Catheryne Grant | | | | X | catherynelgrant@feeneymurray.com<br>trp@feeneymurray.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov